RICE vs. GARNHART. (Motion.)

(1) *Offsetting costs against costs.* (2) *Lien of attorney for services and disbursements.* (3) *Order* nunc pro tunc, *in this court.* (4) *Costs of motion in this court.*

1. A motion to offset a judgment for costs in defendant's favor against a like judgment in plaintiff's favor, on appeals in two cases between them, is denied, where, before notice of such motion, plaintiff had assigned to his attorneys the judgment in his favor, in part payment for the services rendered and advances made by them in the action, and due notice of such assignment had been given to defendant's attorneys.

2. *It seems* that even without such an assignment, the attorneys would have a *lien* upon the judgment for their services and disbursements in the action (*Courtney v. McGavock*, 23 Wis., 619); and, the written contract on which the action is founded being in their hands, they have even a lien upon the *cause of action,* so that a payment of the claim to plaintiff without the attorneys' consent, even before judgment, would not defeat such lien. *Howard v. Town of Osceola*, 22 Wis., 453.

3. Defendant having died during the pendency of the motion, the order denying it is directed to be entered as of a date prior to his death.

4. Under the circumstances of this case, no *costs* are awarded, except clerk's fees, on the motion.

MOTION, in this court, to offset a judgment for costs in defendant's favor against a like judgment in plaintiff's favor, rendered here on appeals in two cases between them. 34 Wis., 453, 470.

*Orton, Keyes & Chynoweth,* for the motion. [No brief on file].

*Vilas & Bryant, contra,* contended, 1. That a motion could not be made in this court affecting a judgment of the circuit court. *Taylor v. Williams,* 14 Wis., 155. 2. That a setoff like that asked is a matter of equitable discretion, and where, before it is claimed, a third person has acquired a valid claim to the judgment sought to be extinguished, or a part of it, or an

Rice vs. Garnhart.   (Motion.)

attorney has a valid lien for costs, of which the other party had notice, the setoff will not be ordered.  *Taylor v. Williams*, *supra; Rooney v. Second Av. R. R. Co.*, 18 N. Y., 368; *Ely v. Cooke*, 28 id., 365; and authorities cited. below.   3. That the assignment of the judgment to plaintiff's attorneys was made before defendant had any offset, and for a good consideration, and passed the title; that it made the assignees liable to costs of the action thereafter, and gave them, consequently, the right to costs in the supreme court.   R. S., ch. 133, sec. 50; 2 Tay. Stats., 1534; Wait's Code, 637–8; and authorities cited above. 4. That since the code, as before it, an attorney has a lien without special notice, to the amount of the *costs*, because the record is notice to that extent; and a payment is in the debtor's own wrong, if the lien is not satisfied.  *McGregor v. Comstock*, 28 N. Y., 237; *Adams v. Fox*, 40 id., 577.

LYON, J.   Appeals in two cases between these parties having been determined at the present term, one in favor of the plaintiff and the other in favor of the defendant, and judgment for costs having been duly entered pursuant to such determination, the defendant now moves that the amount of the judgment in his favor be set off against the judgment in favor of the plaintiff.

In opposition to the motion the attorneys for the plaintiff have produced proof, that, before notice of this motion was given, the plaintiff duly assigned to them the judgment in his favor in part payment for their services in the action and for certain advances theretofore made by them for his benefit, and due notice of such assignment was given to the attorneys for the defendant.

Under these circumstances the motion must be denied. Without the assignment the attorneys would have a lien upon the judgment for their services in the action, and the existence of such lien would, of itself, be a complete answer to this motion.   For it cannot be doubted that the attorney has a lien

upon the judgment which he has recovered for his client, for his services and disbursements in recovering the same. In addition to the cases cited by counsel for the plaintiff, see *Courtney v. McGavock*, 23 Wis., 619, and cases there cited; also *Marshall v. Meech*, 51 N. Y., 140.

Indeed, were we to presume (as we reasonably might presume) that the written contract on which the actions were founded was in the possession of the plaintiff's attorneys during the litigation, such lien extended to the cause of action; and payment of the plaintiff's claim to the plaintiff, without the consent of his attorneys, even before judgment, would not defeat such lien. *Howard v. The Town of Osceola*, 22 Wis., 453.

In any view of the case, the motion must be denied. The defendant having died while the motion was pending, the order denying the same will be entered as of April 15th, 1874; and, under the special circumstances of the case, no costs will be awarded, other than clerk's fees on the motion.

*By the Court.* — So ordered.