BOSWORTH and another, Appellants, vs. TALLMAN and others, Respondents. [On motion.]

*September 21 — October 12, 1886.*

*Offset of judgments: Lien of attorneys.*

Plaintiffs appealed from a judgment in their favor and, on its affirmance, the defendants had judgment for costs. *Held,* that the equities of the parties would be adjusted by applying one judgment upon the other, and defendants' attorneys would have a lien only on the balance, if any, in favor of their clients.

APPEAL from the Circuit Court for *Lincoln* County. See *Bosworth v. Tallman, ante,* p. 22.

The motion was submitted on the brief of *G. W. Cate,* for the appellants, and on that of *Reed & Lines,* for the respondents.

BY THE COURT. The plaintiffs recovered judgment in the circuit court against the defendants, and appealed therefrom. This court affirmed such judgment, and the defendants had judgment here for costs, the same being for a less sum than that recovered by the plaintiffs in the circuit court. *Ante,* p. 22. The plaintiffs now move that the judgment in this court be satisfied by the application of the amount thereof in part payment of their judgment in the circuit court against the defendants, no part of which has been paid. The defendants are insolvent, and their attorneys have been paid nothing for their services and disbursements in the action, which amount to more than the judgment in this court. The attorneys served upon the plaintiffs early notice that they claimed a lien upon such judgment in this court for the sums so due them. For these reasons they resist the motion. The case of *Yorton v. M., L. S. & W. R. Co.* 62 Wis. 367, and that of *Gano v. C. & N. W. R. Co.* 60 Wis. 12, referred to in the opinion by the chief justice, are decisions of the question here pre-

sented. Those cases hold that, in a case like this, the equities of the parties should be adjusted without reference to the solicitor's fees, and that his lien is only upon the clear balance after such equities are adjusted. Here no such balance remains.

The motion must be granted, but without costs.

See note to this case in 29 N. W. Rep. 542; 20 Am. L. Rev. 822.—REP.