FREI, Respondent, vs. McMURDO, Sheriff, Appellant.

*November 28 — December 16, 1898.*

(1) *Representations as to title: Evidence: Estoppel.*   (2) *Fraudulent gift,
as to whom void.*   (3) *Appeal: Questions considered.*

1. Where a person makes representations as to the ownership of prop-
   erty for the purpose of inducing another, or with knowledge that
   such other may probably be induced, to act on the faith of such
   representations by commencing an action and incurring costs in
   respect to such property, such circumstances are evidence against
   such person as to where the truth lies in respect to the title, but
   have not the conclusive effect of an estoppel *in pais.*
2. Though a gift of property used in a going business be fraudulent as
   against existing creditors of the donor and against subsequent
   creditors as well, if the donor continues in possession with the con-
   sent of the donee, conducting the business so as to induce others

to act on the theory that no change has taken place, the title of the donee cannot be challenged by a person who has not parted with property on the faith of such appearances or been prejudiced other than by incurring costs by an action in court.

3. Where the only claim relied upon for recovery below is estoppel or fraud, locating the title in one as to his creditors though it be in fact in another, and there be a decision in that regard adverse to the claimant, if, on an appeal, such decision be sustained, the judgment will be affirmed even though the record disclose that there was evidence affecting the title on some other ground.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

Action of replevin to recover some stock in trade of a pickle factory operated as the M. R. Frei Pickle Works. Whether the owner of the business was the plaintiff or her husband, M. R. Frei, was the question in controversy. The property was seized on an execution against the property of M. R. Frei. The evidence was to the effect that M. R. Frei built the pickle factory on real estate belonging to his wife, and operated it several years in the name of M. R. Frei Pickle Works. At a time when there was little or no stock on hand, Frei caused the title to a lot of land owned by him to be vested in his wife and turned the pickle business over to her with the understanding that thereafter he would attend to it as her agent and continue it the same as before, but as her enterprise. After that the parties borrowed $1,000 on the real estate on which the factory was situated and the lot formerly owned by M. R. Frei, and gave their joint notes therefor. What was done with the thousand dollars does not definitely appear. While the works were being run under the new arrangement, the concern became indebted to Otto H. Fisher for some barrel stock, and while such indebtedness existed E. F. Below, a creditor of Fisher, sued him and garnished M. R. Frei, he having shortly before represented to Below, in the presence of *Mrs. Frei*, that he was

operating the pickle works as formerly, and thereby induced Below to believe that the M. R. Frei Pickle Works meant M. R. Frei. Such proceedings were duly taken in the garnishee suit that judgment was rendered for Fisher without contest, and thereafter some of the pickle-works stock was seized by defendant on execution issued thereon, and plaintiff replevied the same.

The trial court directed a verdict for plaintiff, and judgment was rendered thereon, from which defendant appealed.

For the appellant there was a brief by *Hume, Oellerich & Jackson,* and oral argument by *C. D. Jackson.*

For the respondent the cause was submitted on the brief of *Whitman & Ryan.*

MARSHALL, J. It does not appear to be contended that the pickle-works business and stock belonged to M. R. Frei, but that he was held out as owner by plaintiff, and upon the faith of such holding out Below instituted the garnishee suit and prosecuted it to judgment, and that plaintiff was precluded by her conduct from changing her position and recovering on the truth as to the ownership of the pickle business. It is not claimed that Below lost any right or was prejudiced in any way by the pretense on the part of plaintiff that her husband owned the property, except that the garnishee action was commenced and costs incurred therein. That was evidence against plaintiff's claim of title, not conclusive, however, so as to estop her from proving the truth and recovering in accordance therewith. Mere representations as to title or indebtedness, on the faith of which an action is commenced and prosecuted to judgment, do not work an estoppel *in pais. Warder v. Baker,* 54 Wis. 49. That is an exception to the salutary rule, of quite general application, that if a person takes a position for the purpose of inducing another to act in a particular way, or with knowledge, or reasonable means of knowledge, that he will thereby be

induced to so act, to his injury if such position be changed, and such other does so act, such person is bound by the appearances which induced such action without regard to whether they represented the truth or not. So here, looking at the case in the most favorable light for the appellant which the evidence will bear, the plaintiff was not estopped by her conduct from recovering on the true state of the title to the pickle-works stock. The reaction of plaintiff was not sufficiently injurious to Fisher to give to her previous conduct the conclusive effect of estoppel.

True, as indicated, representations made by plaintiff, or with her knowledge in her presence, and appearances for which she was responsible, inconsistent with her claim of title, were evidence bearing on the question at issue, but, though the assignment of errors is broad enough to cover the subject, it is clear that it was neither claimed in the court below, nor is it claimed here by the learned counsel for appellant, that the circuit court should have left it to the jury to draw the proper inferences as to the title of the property in controversy from such evidence. The claim below and here is that Below acted on the faith of the representations and appearances and was misled thereby and is therefore entitled to protection by the law of estoppel *in pais*. On this, as we have seen, the court below decided rightly, and that renders it unnecessary to consider the ruling excepted to, as to the insufficiency of the plea of estoppel, and some rulings excluding evidence bearing on the subject.

It is contended by the learned counsel for appellant that the evidence shows the transfer to plaintiff was a mere gift and void as to creditors, and further that the evidence tended to show that the whole proceeding of placing the property in plaintiff's name was fraudulent not only as to existing, but subsequent, creditors, and that the case should have gone to the jury on that question. The conclusive answer to that is, that Below was not a creditor who parted with property or

anything of value, except costs as before said, on the faith of a belief as to M. R. Frei's ownership of the pickle business, so was in no position to impeach plaintiff's title on the ground of fraud any more than on the ground of estoppel. The parties to the cause were so circumstanced that the sole question was, Who in fact was the owner of the pickle business, plaintiff or her husband? As no claim was made in the court below that the case should have been submitted to the jury to find on the evidence on that question, and the rulings of the trial court were right on the questions calling for a decision by the attitude of counsel, there is no reversible error in the record.

*By the Court.*— The judgment is affirmed.