Gauche vs. Milbrath.     .

---

GAUCHE, Respondent, vs. MILBRATH, Appellant.

*December 22, 1899 — January 9, 1900.*

*Judgments: Setoff: Priority: Attorney's lien.*

1. An application by a judgment debtor to apply his judgment upon that of his judgment creditor is addressed to the sound discretion of the court, and is governed by equitable principles, and where the judgments are in actions having no connection with each other, the equitable lien of the attorney for the judgment creditor is superior to the right of the judgment debtor.

2. In such case, when a *bona fide* assignment is made before the right of setoff attaches, the two judgments being in different actions and relating to different matters, the assignment will prevail, especially where the assignee is equitably entitled to the benefit of the cause of action without assignment.

3. Where the owner of property unlawfully converted by defendant assigned the cause of action thereon to his mortgagee, who prosecuted the action to judgment, on motion to offset against said judgment others held by defendant against the assignor, but arising out of separate causes of action, the assignment, being prior in time, takes precedence of the right of setoff.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

November 10, 1897, plaintiff recovered a judgment for $470 because of an unlawful conversion of property owned by him, by the defendant. John Orth, plaintiff's mortgagee of such property when the conversion took place, because of the impairment of his security by such conversion, demanded of plaintiff payment of the mortgage indebtedness or additional security, whereupon, and to satisfy such demand, April 22, 1895, plaintiff assigned to Orth his cause of action for damages for the conversion. This action was then pending, having been commenced October 11, 1894. After the aforesaid assignment, Orth carried on the litigation against defendant till it resulted in the judgment mentioned. As soon as such judgment was rendered, Charles Orth, plaintiff's attorney, filed with the clerk of the circuit court, in the cause, a notice of a claim for a lien thereon for his services and disbursements. December 4, 1897, though the aforesaid attorney's claim and the indebtedness of plaintiff to John Orth were wholly unsatisfied, defendant moved the court to offset against the judgment the following judgments owned by him against the plaintiff: a judgment for $185.56 rendered in justice's court August 29, 1894, and transcripted to the circuit court for Milwaukee county August 30, 1894; a judgment for $48.92 rendered in favor of Conrad Mand in justice's court May 6, 1895, transcripted to said circuit court February 23, 1897, and on the same day assigned to defendant; a judgment for $21.89 rendered in defendant's favor in the superior court of Milwaukee county

June 22, 1895, and transcripted to the circuit court on the same day; a judgment for $86.45 rendered in defendant's favor in the supreme court February 16, 1897; a judgment for $79.40 rendered in defendant's favor in justice's court November 5, 1897, and duly transcripted to said circuit court.  Most of the indebtedness represented by defendant's judgments was incurred by plaintiff to defendant before the commencement of this action.  From a time prior to the recovery of any of the judgments mentioned, plaintiff was insolvent.  All the facts set forth above appeared by affidavits on the motion.  The court granted such motion in part, but denied it as to all defendant's judgments arising out of transactions other than the one in which the judgment in this action was rendered.  Defendant appealed.

The cause was submitted for the appellant on the brief of *H. K. Curtis*, and on the part of the respondent on that of *Charles A. Orth*, attorney, and *Sylvester, Scheiber & Orth*, of counsel.

MARSHALL, J.   The motion of a judgment debtor to apply his judgment upon one against him owned by his judgment creditor, is addressed to the sound discretion of the court and governed by equitable principles.   The right of setoff, when the judgments are in the same action, or actions growing out of the same subject matter, is generally deemed superior to the claim of the attorney in either action for services and disbursements therein.   *Yorton v. M., L. S. & W. R. Co.* 62 Wis. 367.   But where the judgments are in actions having no connection with each other, the equitable right of the attorney, who has rendered services and incurred expenses in obtaining one of such judgments, to be paid out of it, is deemed superior to the right of the judgment debtor to have that judgment paid by applying upon it the judgment owned by him against his judgment creditor.   *Rice v. Garnhart*, 35 Wis. 282;  Jones, Liens, § 220;  *Benjamin v.*

*Benjamin*, 17 Conn. 110; *Diehl v. Friester*, 37 Ohio St. 473; *Wells v. Elsam*, 40 Mich. 218; *Kinney v. Robinson*, 52 Mich. 389.

The right to set off one judgment against another, as before indicated, being one of equitable discretion, where an assignment is made *bona fide* before the right of setoff attaches, the two judgments being in different actions and relating to different matters, the assignment will prevail; and especially is that the case where the assignee was equitably entitled to the benefit of the cause of action without any assignment, as in this case. Mr. John Orth was entitled to the property unlawfully converted by the defendant. It could not have been taken by defendant as against Orth to satisfy any of the judgments sought to be offset, neither could any of such judgments have been allowed as a setoff or counterclaim in the action of conversion. The assignment to Orth was but a recognition of his equitable right to the benefit of the recovery of defendant. There seems to be no ground whatever for the claim that defendant has an equitable right to set his judgments off against the judgments against him, which is superior to the right of John Orth to the benefit of the latter judgment.

It is elementary that a prior assignment, whether legal or equitable, takes precedence of the right of setoff, if the assignee's equity is prior in time. Jones, Liens, §§ 223, 224; *Terney v. Wilson*, 45 N. J. Law, 282; *Wright v. Wright*, 70 N. Y. 96. That is decisive of this appeal. The property represented by the judgment was not subject to the payment of defendant's claim before judgment. That situation was not changed by the rendition of the judgment so as to cut off the equitable rights of Orth. The agreement that Orth should have the benefit of the recovery, as a part of his security, attached to the judgment as soon as it was rendered, leaving no time for any right of the defendant to intervene. A mere verbal agreement between plaintiff and Orth, that

the latter should have the benefit of the recovery as a part of his security in consideration of not enforcing his claim against plaintiff, would have operated as an equitable assignment of the judgment immediately upon its recovery, preventing any right of offset attaching that did not exist before the judgment was rendered. *Williams v. Ingersoll,* 89 N. Y. 508.

*By the Court.*— The order appealed from is affirmed.