Stanley vs. Bouck and another.

STANLEY, Appellant, vs. BOUCK and another, interpleaded, Respondents.

*May 17 — June 21, 1900.*

*Setoffs; Assignment of claim to attorney: Priority: Notice: Commencement of action: Estoppel* in pais.

1. In January, 1892, in proceedings to assess damages for a wrongful attachment, a judgment in favor of the defendants for their disbursements only, with costs, was rendered on a special verdict, which, on February 5, 1895, was held erroneous by the supreme court and a judgment ordered for full damages. On February 17, 1895, defendants assigned the judgment already rendered in their favor, and any judgment to be entered, to their attorneys as security for their fees and disbursements in the attachment action. On March 22, 1895, the plaintiff in the attachment action commenced an action to offset the judgment in that suit against a judgment in his favor for deficiency on mortgage foreclosure, obtained March 1, 1892; and two days later said attorneys notified him of the assignment to them. On January 29, 1897, judgment was formally entered in the attachment action as directed. *Held,* that said assignment gave the attorneys a valid lien on the claim for damages, which attached to the judgment as soon as entered and was superior to plaintiff's right of setoff.

2. The commencement of the action to obtain the setoff in such case, before notice of the assignment, was not such a change of position as raises an estoppel *in pais.*

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This is an action in equity, brought to offset a judgment obtained by the defendants Carey against the plaintiff, *Stan-*

*ley*, against another judgment obtained by *Stanley* against the defendants Carey. The facts are not materially in dispute.

On the 14th of February, 1889, the plaintiff commenced an attachment suit for an instalment of interest not yet due upon a note of $24,281, which had been previously given by the Careys to *Stanley*. In this action the sheriff seized a large quantity of cranberries and cranberry boxes and other personal property upon his writ of attachment, and the same were totally destroyed by fire a few days after the seizure, with no insurance. The affidavit of attachment was traversed by the Careys, and trial had of the traverse, and the traverse sustained. Thereafter the damages of the defendants were assessed, and a special verdict rendered upon such assessment, finding the value of the property destroyed, and the amount incurred by the defendants for attorney's fees in obtaining dissolution of the attachment. The circuit court refused judgment for the value of the property destroyed, but gave the Careys judgment against the plaintiff for the amount of attorney's fees incurred. An appeal having been taken from this judgment by the Careys, that part of the judgment refusing to allow the Careys judgment for the value of the property destroyed was reversed by this court February 5, 1895. 89 Wis. 410. Judgment was entered upon the *remittitur* January 29, 1897, for $6,603.77. During all this litigation the defendants *Bouck* and *Wood* were attorneys for the Careys, and it is found by the court that their services and disbursements therein amounted to $3,406, which has never been paid.

On the 15th of April, 1890, *Stanley* commenced a foreclosure action in the United States court, based upon the same note before mentioned, and a real-estate mortgage accompanying the same, given by the Careys. In this action judgment of foreclosure was rendered December 4, 1890, and thereafter the mortgaged real estate was sold, and on the

1st day of March, 1892, judgment for deficiency was rendered against the Careys for $10,154.70. The Careys then were, and ever since have been, insolvent. In 1890 the Careys brought three actions against certain insurancè companies upon insurance policies covering the attached property, and recovered judgments in said action in January, 1892, which judgments were, however, reversed in this court. 84 Wis. 80; 84 Wis. 208. In these actions *Bouck* and *Wood* were attorneys for the Careys and their services therein were worth $1,250, which has never been paid. February 7, 1895, the Careys assigned the judgment already rendered, and any judgment to be thereafter rendered, in the attachment action, to *Bouck* and *Wood* as collateral security for the payment of their services and disbursements in that action and in the other actions aforesaid. March 12, 1895, the Careys assigned the judgment for costs in this court absolutely to *Bouck* and *Wood*.

This action was commenced by service of summons March 23, 1895, and notice of the assignments above named was given by *Bouck* and *Wood* to the plaintiff March 25, 1895. In August, 1898, *Bouck* and *Wood* were made parties defendant in this action on their own motion, and have thereupon answered, claiming priority for their liens over any setoff in favor of the plaintiff. This issue was tried by the court, and findings made in accordance with the facts as above stated, and *Bouck* and *Wood* were adjudged to have a lien on the attachment judgment, superior to the plaintiff's right of setoff, for $4,306 for services and disbursements in the attachment suit, and for $1,250 for services in the insurance actions; and it was further adjudged that they were entitled to collect said amounts by execution against *Stanley*. *Bouck* and *Wood* afterwards remitted the sum of $1,250 from the judgment. The plaintiff, *Stanley*, appeals.

For the appellant there was a brief by *Perry Niskern*, attorney, and *Pence, Carpenter & High*, of counsel, and oral

argument by *A. M. Pence.* They contended, *inter alia,* that no lien for attorney's fees attaches before judgment, and such lien or an assignment of the judgment, to be enforced, must exist before the right of setoff accrues to the judgment debtor, and notice must be given to such debtor of the lien or assignment and of the intention of the attorney or assignee to assert the same before the debtor asserts his setoff. *Courtney v. McGavock,* 23 Wis. 619; *Rice v. Garnhart,* 35 Wis. 282; *Voell v. Kelley,* 64 Wis. 504; *Kusterer v. Beaver Dam,* 56 Wis. 471; *Marshall v. Meech,* 51 N. Y. 140; *Gauche v. Milbrath,* 105 Wis. 355; Jones, Liens, §§ 217, 223, 234; 2 Am. & Eng. Ency. of Law (2d ed.), 1077, 1080; 1 Am. & Eng. Ency. of Law (1st ed.), 840; *Weed S. M. Co. v. Boutelle,* 56 Vt. 570; 13 Ency. of Pl. & Pr. 140. The statute confers upon the appellant a right to set off the judgment in his favor against the judgment or judgments in favor of the Careys. Such statute also confers a priority over any claim of the attorneys procuring either judgment and over any assignment of such judgment, and especially in this case as appellant's right to a setoff is prior in point of time to the claim or claims of the respondents as attorneys or assignees, and no notice was served upon appellant of such lien or assignment and of the intention of such attorneys or assignees to assert or insist upon the same prior to the time when he asserted his right of setoff. Stats. 1898, secs. 2606, 4258; *Puett v. Beard,* 86 Ind. 176; *Simpson v. Hart,* 14 Johns. 63; *Temple v. Scott,* 3 Minn. 419; *Nicoll v. Nicoll,* 16 Wend. 445, and note; *People ex rel. Manning v. Common Pleas,* 13 Wend. 649; *Martin v. Hawks,* 15 Johns. 405; *Fairbanks v. Devereaux,* 58 Vt. 359; *Johnston v. Humphrey,* 91 Wis. 76; *Martin v. Kanouse,* 17 How. Pr. 146; *De Figaniere v. Young,* 2 Rob. 670. The setoff in question is a setoff under the statute, and does not depend upon equitable principles which existed prior to the passage of the statute. Subd. 1–4, sec. 4258, Stats. 1898.

Stanley vs. Bouck and another.

*Gabe Bouck* and *John J. Wood, Jr.*, respondents, argued, among other things, that a judgment may in equity be set off against a judgment, but not against a demand not reduced to judgment. 3 Wait, Pr. 195; *Falconer v. Stinson*, 44 W. Va. 547; *Nuzum v. Morris*, 25 W. Va. 559; Waterman, Setoff, § 347; 22 Am. & Eng. Ency. of Law, 449; *Duncan v. Bloomstock*, 13 Am. Dec. 729; *Thorp v. Wegefarth*, 93 Am. Dec. 789; *Hudson v. Kline*, 9 Grat. 379; *McClellan v. Kinnaird*, 6 Grat. 352; *Mackey v. Mackey*, 43 Barb. 58.

WINSLOW, J.   The essential facts in the case are few and simple. *Stanley* wrongfully attached the property of the Careys September 14, 1889. The assessment of damages therefor was had in September, 1891, and a special verdict rendered, on which (as afterwards held by this court in *Stanley v. Carey*, 89 Wis. 410) the Careys were entitled to judgment for about $6,000, but were given judgment January 20, 1892, for only $800 and costs.   March 1, 1892, *Stanley* obtained judgment against the Careys for deficiency upon mortgage foreclosure for over $10,000.   February 5, 1895, that part of the judgment in the attachment refusing full damages was reversed by this court, and judgment directed for the Careys against *Stanley* for full damages. February 7, 1895, the Careys assigned the judgment already rendered in the attachment suit, and any judgment to be thereafter entered, to *Bouck* and *Wood*, their attorneys, as collateral security for their fees and disbursements in that action and in their other litigation.   March 12, 1895, the Careys assigned the judgment for costs in this court in the attachment suit absolutely to *Bouck* and *Wood*.   March 23, 1895, *Stanley* commenced this action to offset the damages in the attachment suit against the deficiency judgment. March 25, 1895, *Bouck* and *Wood* gave notice to *Stanley* of their assignments.   January 29, 1897, judgment was for-

mally entered in the attachment suit for $6,603.77, in favor of the Careys against *Stanley*. The Careys were insolvent March 1, 1892, and have remained so ever since.

Upon these facts the plaintiff's claim is that he is entitled to set off the damages in the attachment suit against his judgment for deficiency because his deficiency judgment antedated the damage judgment, and because he commenced this action before any notice was given by *Bouck* and *Wood* of their assignment.

The legal principles applicable to the equitable lien of attorneys upon a cause of action or judgment are quite well settled in this court. When the action is founded upon a written instrument in the possession of the attorney, he has a lien on the *cause of action* for his services and disbursements at least from the time of the commencement of the action (*Courtney v. McGavock*, 23 Wis. 619; *Howard v. Osceola*, 22 Wis. 453; *Rice v. Garnhart*, 35 Wis. 282), and after judgment he has a lien on the judgment obtained. When the action is not founded on any such instrument, but is brought to recover unliquidated damages, either in contract or tort, there was, at common law, no lien before judgment. If such cause of action was assignable, a lien might be created thereon by agreement between attorney and client, but, if not assignable, no such lien could be created. *Kusterer v. Beaver Dam*, 56 Wis. 471. By a statute passed since that decision, however, such a lien may now be given by contract between the attorney and his client. Ch. 204, Laws of 1891 (now sec. 2591*a*, Stats. 1898). But when judgment has been recovered in an action, whether in contract or tort, the rule is well established that the attorney has an equitable lien thereon, by operation of law, for his services and disbursements in that action. *Rice v. Garnhart, supra; Marshall v. Meech*, 51 N. Y. 140; *Gauche v. Milbrath*, 105 Wis. 355. As between attorney and client, this equitable lien or right to be paid out of the judgment obtained by the attorney's ef-

forts, whether resting upon agreement or raised by operation of law, is complete without notice to the opposite party. This is elementary.

Where, however, the action is not founded upon a written instrument in the attorney's possession, notice must be given, by the attorney claiming the lien, to the opposite party, in order to preserve his right to a lien against a settlement of the cause of action or judgment, made in good faith. This is simply an application of well-known rules of estoppel. The opposite party in such case has changed his position in reliance upon an apparent state of facts, and in ignorance of the attorney's claim, and will be protected. *Courtney v. McGavock, supra.* No such principle, however, can in reason apply to a mere claim of equitable setoff, because there has been, in such case, no expenditure nor change of position by the party claiming the setoff. The mere commencement of an action is not such a change of position as raises an estoppel *in pais. Frei v. McMurdo,* 101 Wis. 423.

In the present case the claim of the Careys for damages resulting from the destruction of the property wrongfully attached was a claim which survived under sec. 4253, Stats. 1898, and hence, under well known principles, it was assignable at any time, either before or after judgment. Furthermore, the plaintiff's deficiency judgment could not be pleaded as a counterclaim thereto. Hence when it was assigned before judgment to *Bouck* and *Wood* as collateral security for their services and disbursements in the same case, it is plain that the assignment gave them a valid lien, and that there was no existing setoff. How such lien could be defeated by a setoff afterwards coming into existence we cannot perceive. As soon as judgment was entered, the lien theretofore existing on the cause of action attached to the judgment itself. There was no interval of time in which the right of setoff could first attach and defeat the lien. Had there been a *bona fide* settlement made before notice of

the assignment and lien was given to the plaintiff, the principle of *Courtney · v. McGavock* would apply, but there was none. An application to the court to set off one judgment against another is addressed to the sound discretion of a court of equity, whether made by motion or action, and when the judgments are rendered in actions having no connection with each other, it will not be allowed as against an attorney's equitable lien for services and disbursements, where evident injustice will be done. *Gauche v. Milbrath,* *supra.*

*By the Court.*— Judgment affirmed.