RAYWORTH, Respondent, vs. GOODRICK and another, Interveners, Appellants.

*May 4—May 23, 1916.*

*Judgments: Setoff: Attorneys' liens: Priority.*

1. A motion to offset judgments is addressed to the sound discretion of the court and governed by equitable principles, and when the judgments are in the same action, or actions growing out of the same subject matter, the right of setoff is generally deemed superior to the claim of the attorney in either action for services and disbursements therein.

2. The lessor of a farm, claiming that the lease had been breached, commenced an action of replevin and took possession of the crops. In such action the court refused to receive evidence as to claims of the lessor against the lessee connected with the operation of the farm and provided for in the lease, or as to a counter charge of the lessee against the lessor, but suggested that those matters be tried in another action; and the lessee had judgment in the replevin action for the value of the property taken, over and above the rent due. Thereafter in a separate action upon said claims the lessor had judgment against the lessee. *Held,* that both judgments related to the same subject matter, and that the right of the lessor to have them offset was superior to the right of the lessee's attorneys to a lien on the judgment in the replevin action.

APPEAL from an order of the municipal court of Langlade county: T. W. HOGAN, Judge. *Affirmed.*

Motion to offset judgments, opposed by attorneys for defendant, who claim a lien for services.

On November 15, 1913, the husband of the plaintiff, *Margaret Rayworth,* was the owner of a farm and leased the same to the defendant William Henry at an agreed annual rental of $1,000 and taxes, the same to be a lien on the crops raised on the farm. On February 12, 1914, the plaintiff became the owner of the farm and the lease. Among the provisions of the lease there was one clause which in substance stated that, if the defendant failed or neglected to do the work in seasonable time and in a husbandlike manner and to furnish the necessary seed for planting, the lessor reserved the right

to have the work done by others and to furnish the seed, and the cost and expense thereof were to be added to the amount of the rent, and the title to all the produce raised on the farm was to remain the property of the lessor until a sufficient amount thereof was marketed to pay the rent and taxes and such additional moneys as were expended by the lessor for the work done and seed furnished as therein agreed.

In October, 1914, the plaintiff, claiming that the defendant had breached the lease, commenced an action of replevin and took possession of all the crops then on the farm. The replevin action was tried by a jury, and the value of the crops assessed at $1,460. The jury further found that neither the plaintiff nor the defendant was damaged, and judgment was entered in favor of the defendant Henry and against the plaintiff for the sum of $1,460, less the rental of $1,000, or for $460 and costs, amounting in all to $532.69. No evidence was received as to the amount of taxes due and no evidence as to the state of the account between the parties. On the trial of the replevin action plaintiff's counsel, against the objection of defendant's counsel, attempted to prove claims against the defendant amounting to several hundred dollars, a great part of which was connected with the operation of said farm and provided for in the lease. The defendant in the replevin action, on the other hand, claimed that he had a counter charge of $110 against the plaintiff, a part of which was related to the work done on the farm and part not. The trial judge refused to receive evidence as to these matters and confined the trial in the replevin action strictly to the question of whether or not the plaintiff was entitled to the possession of the property at the time she replevied it, its value, and the damage, if any, sustained by either party, upon the ground that the other matters in controversy involved a long accounting, and made the following suggestions:

"If plaintiff's contention is true that defendant owes her on account unsettled, she cannot be seriously injured, as she has a lien on any judgment defendant obtained against her, or can restrain the collection thereon until the accounts between

them are settled and adjusted. On application and proper showing the court can properly and undoubtedly will restrain the issuing of an execution for a reasonable length of time, thus giving both parties an opportunity to adjust their differences."

Pursuant to the suggestion of the court an action was brought by plaintiff herein on the disputed account, the issues were tried by a jury, and resulted in a judgment in favor of the plaintiff and against the defendant in this action for $425.03, and judgment was entered for that amount with costs, which were taxed at $68.21. The judgment in the replevin action in favor of the defendant Henry and against the plaintiff *Rayworth* was docketed May 29, 1915. Plaintiff's judgment in the accounting action against Henry was entered November 27, 1915. On May 25, 1915, Messrs. *Goodrick & Goodrick,* interveners, who represented the defendant Henry in the trial of the replevin action, filed an attorney's lien for $307.43 upon the judgment which the defendant Henry had obtained in the replevin action, gave notice thereof to the plaintiff, and in June thereafter Henry assigned the judgment to his attorneys as further security. On July 10th an execution was issued upon the judgment in the replevin action, and on July 25, 1915, upon application of the plaintiff, an order was made staying the enforcement of the execution until the trial and final entry of judgment in the accounting action. After the accounting action had been tried and judgment rendered in favor of the plaintiff as stated, plaintiff moved that the judgment in her favor in the accounting action be set off against the judgment against her and in favor of Henry in the replevin action.

The question arises, Is the lien of *Goodrick & Goodrick,* attorneys for Henry, prior and superior to the right of the plaintiff to have the judgments set off?

The trial court set off the judgments, less an item of $12 for board and $17.40 for merchandise, and an order was entered accordingly and the judgment of Henry against the

plaintiff was satisfied, the difference being paid into court. Messrs. *Goodrick & Goodrick* appeal from the order and ask that their judgment be reinstated and their attorney's lien be declared prior and superior to the right of the plaintiff to have the judgments set off.

For the appellants there was a brief by *Goodrick & Goodrick,* and oral argument by *A. B. Goodrick.*

*Geo. W. Latta,* for the respondent.

ROSENBERRY, J.    It appears without dispute that the plaintiff at the time of the trial of the replevin action was the owner of the claims which she endeavored to present in that action as a setoff to the defendant's claim for the value of the property taken by her in the replevin action over and above the rental value of the premises.    Under all the circumstances of this case the fact that she derived her legal title to these claims by purchase from the trustee of her husband's bankrupt estate is not material.    The Langlade Mercantile Company, from which the claim was purchased, was owned by the husband.    The items of the account were paid partly by the plaintiff and partly by the husband and the account kept on the books of the Langlade Mercantile Company.    Looking at the substance rather than the form of things, we see no reason why these items did not constitute a proper setoff in the replevin action.    The claims related directly and specifically to the transactions had between the parties relating to the leased premises.    Had the court permitted the plaintiff to prove her claims in the replevin action, the amount of the judgment in favor of the defendant Henry and against the plaintiff would have been decreased by the amount thereof.    At the suggestion of the court the matters were withdrawn from the replevin action and later tried in another action.    It is not claimed in this case that there was any attempt to comply with the provisions of sec. 2591a, Stats.    The right of the interveners is based upon the well established rule that an attorney has an equitable lien upon a judgment when rendered,

by operation of law, for his services and disbursements in that action.    The interveners claim that their right to such lien is prior and superior to that of the defendant to have the judgment set off, under the decisions in *Stanley v. Bouck,* 107 Wis. 225, 83 N. W. 298, and *Rice v. Garnhart,* 35 Wis. 282. The general rule of law has been established by this court as follows:

"The motion of a judgment debtor to apply his judgment upon one against him owned by his judgment creditor, is addressed to the sound discretion of the court and governed by equitable principles.    The right of setoff, when the judgments are in the same action, or actions growing out of the same subject matter, is generally deemed superior to the claim of the attorney in either action for services and disbursements therein.    *Yorton v. M., L. S. & W. R. Co.* 62 Wis. 367, 21 N. W. 516, 23 N. W. 401.    But where the judgments are in actions having no connection with each other, the equitable right of the attorney, who has rendered services and incurred expenses in obtaining one of such judgments, to be paid out of it, is deemed superior to the right of the judgment debtor to have that judgment paid by applying upon it the judgment owned by him against his judgment creditor.    *Rice v. Garnhart,* 35 Wis. 282; Jones, Liens, § 220; *Benjamin v. Benjamin,* 17 Conn. 110; *Diehl v. Friester,* 37 Ohio St. 473; *Wells v. Elsam,* 40 Mich. 218; *Kinney v. Robison,* 52 Mich. 389, 18 N. W. 120."    *Gauche v. Milbrath,* 105 Wis. 355, 357, 81 N. W. 487.

In this case the trial court held, and the holding is strongly supported by the evidence, that the judgment in the accounting action related to the same subject matter as the judgment in the replevin suit, and that the right of the plaintiff to have the judgment set off is therefore superior to the lien of the attorneys for the defendant.    To hold otherwise, under the circumstances in this case, would be to hold that the court did not have power to do justice between the parties, as it was at the suggestion and direction of the court that the matter was disposed of in two actions instead of one.    The order of the trial court is therefore right.

*By the Court.*—Order affirmed.