FRANKFORT GENERAL INSURANCE COMPANY, Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*May 31—June 25, 1919.*

*Liability insurance: Subrogation of insurer: Contract of indemnity: Contribution: Limitation of liability: Joint tortfeasors: Judgment: Admissibility in evidence: Conclusiveness.*

1. One of two joint tortfeasors, against whom a judgment has been rendered, upon being sued for contribution by the plaintiff, which as liability insurer of the other had paid the entire judgment, cannot limit the amount of recovery by showing that its co-tortfeasor had refused to join in a settlement, offered by the person against whom the tort was committed, for a less amount than the judgment, no right of contribution then existing and joint tortfeasors having no right to relieve themselves of liability as have co-obligors in a contract or judgment under sec. 4204, Stats.

2. The judgment recovered by the injured person against the defendant and another as joint tortfeasors, while not conclusive upon the defendant, was properly offered in evidence by the insurer in its action for contribution, and, there being no evidence tending to impeach it, the findings and undisputed evidence sustain the judgment in this case.

3. Where the policy of insurance was an indemnity policy containing an express subrogation clause, and the insurer paid the whole of a judgment rendered against the assured and the defendant jointly, the insurer had the same right against the defendant that the assured would have had upon discharging the judgment, although the right of contribution did not arise until the payment was made.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge.    *Affirmed.*

Action for contribution. One Ertel recovered judgment for $4,000 and costs against the Milwaukee–Western Fuel Company and the defendant in a personal injury action. In that action it was determined that the Milwaukee–Western Fuel Company and the defendant were guilty of coincident independent acts of negligence resulting in injury to said Ertel, and Ertel had judgment against both companies. The judgment was paid by the plaintiff, the insurer of the Milwaukee–Western Fuel Company, and plaintiff commenced this action for contribution. Plaintiff had judgment in the trial court, from which judgment the defendant appeals.

For the appellant there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *James D. Shaw.*

For the respondent there was a brief by *Doe, Ballhorn & Doe,* attorneys, and *Frank M. Hoyt,* of counsel, all of Milwaukee, and oral argument by *Mr. Hoyt* and *Mr. Joseph B. Doe.*

ROSENBERRY, J. The defendant claims that it is not liable, and bases its claim upon three propositions:

(1) The defendant asserts that it acquired an equitable defense limiting the amount which it might be required to contribute; that such equitable defense arose out of the fact that the Milwaukee–Western Fuel Company refused before the trial of the Ertel action to join with the defendant in the settlement of Ertel's claim for the sum of $2,400, the defendant having secured Ertel's offer to accept that sum and at the same time agreed to contribute four sevenths of the amount of the settlement if the Milwaukee–Western Fuel Company would contribute the remaining three sevenths.

(2) Plaintiff failed to prove the facts requisite to a recovery in the court below.

(3) Plaintiff as an insurer has no right to maintain the action.

Frankfort G. Ins. Co. v. Milwaukee E. R. & L. Co. 169 Wis. 533.

In determining whether or not the defendant may limit its liability in the manner set forth in its first grounds of defense, recourse must be had to fundamental principles. We cannot state the principles underlying the right to contribution better than they are stated in 13 Corp. Jur. 821:

"The doctrine of contribution rests on the principle that, when the parties stand *in æquali jure,* the law requires equality, which is equity, and one of them shall not be obliged to bear a common burden in ease of the rest. It is founded on principles of equity and natural justice and does not arise from contract. In other words, the doctrine of contribution is not founded on contract, but comes from the application of principles of equity to the condition in which the parties are found in consequence of some of them, as between themselves, having done more than their share in performing a common obligation." See *Boutin v. Etsell,* 110 Wis. 276, 278, 85 N. W. 964.

The right of contribution in this case does not arise out of the accident to Ertel. It does not arise until a joint tortfeasor has done more than his share in performing a common obligation. The defendant had not paid or discharged any part of the liability which grew out of the accident, therefore it had no right of contribution as to any one. It is clear, therefore, that the right of contribution, which does not come into existence until one of the joint tortfeasors has discharged more than his fair share of the common liability, cannot be destroyed or even modified by the antecedent conduct of the other joint tortfeasor in refusing to assume a liability not conclusively established. If joint tortfeasors desire to be relieved of liability where the right of contribution exists, legislative authority to that end should be secured, as has been done in the case of co-obligors under a contract or judgment, in sec. 4204, Stats.

It is further claimed that the judgment in the Ertel case is not *res adjudicata* under the decision in *Bakula v. Schwab,* 167 Wis. 546, 168 N. W. 378. Under the well established

principles of evidence the plaintiff had a right to offer in evidence the judgment recovered in the Ertel case. Jones, Evidence (2d ed.) § 593. While the defendant here was not concluded by that judgment, no evidence was offered which tended in any way to impeach it. Therefore the findings and the undisputed evidence in this case sustain the judgment.

The plaintiff here took no assignment of the right of contribution held by the Milwaukee–Western Fuel Company against the defendant, but relies entirely upon its right of subrogation under the policy, which contained a clause providing that in the event of loss the insurance company should be subrogated to all claims and rights of the Milwaukee–Western Fuel Company in respect to such loss against any person. The defendant claims that no right of subrogation existed under the rule laid down in *Marshall–Jackson Co. v. Jeffery,* 167 Wis. 63, 166 N. W. 647. Plaintiff claims that the rule laid down in *Marshall–Jackson Co. v. Jeffery* and *Gatzweiler v. Milwaukee E. R. & L. Co.* 136 Wis. 34, 116 N. W. 633, does not apply, because in those cases it was held that the policies of insurance were in the nature of accident insurance, and, not being expressly made contracts of indemnity, the insurer is not by payment subrogated to the rights of the assured; whereas in the present case the policy is by its terms an indemnity contract and contains an express subrogation clause.

. While it is true that the Milwaukee–Western Fuel Company had no right of action against the defendant until it had discharged the judgment and there was therefore prior to payment no cause of action in favor of the Milwaukee–Western Fuel Company against the defendant to which the plaintiff might be subrogated, we see no reason why the doctrine of subrogation should not be extended so as to cover a case such as this. Having under its contract discharged the liability of the Milwaukee–Western Fuel Company, which as between it and the defendant amounted to one half of the Ertel judgment, and having under its contract been obliged

Flanagan's Estate v. Flanagan's Estate, 169 Wis. 537.

to discharge the other half of the judgment for which the defendant might be equitably liable for the reason that as between it and the insured it was bound to discharge the whole of the liability of the Milwaukee–Western Fuel Company, there is no reason why it should not have the same right against the defendant that the Fuel Company would have had had it discharged the judgment, although the right of contribution did not arise until the payment was made. By the payment of the judgment in this case the liability of all parties, both as to the original judgment creditor, Ertel, and as between each other, will be fully settled and discharged. We find no adjudicated case which has extended the right of subrogation so far; however, no reason appears to us why it should not be.

*By the Court.*—Judgment affirmed.