Brown (Myrtle and L. H.), Respondents, vs. Haertel and another, imp., Appellants. [Two cases.]

*September 14—February 7, 1933.*

For the appellants there was a brief by *Fisher, Cashin & Reinholdt* of Stevens Point, and oral argument by *R. T. Reinholdt*.

For the respondents there was a brief by *Stone & Park* of Wausau, attorneys, and *Goggins, Brazeau & Graves* of Wisconsin Rapids of counsel, and oral argument by *Theo. W. Brazeau* and *Patrick T. Stone*.

The following opinion was filed October 11, 1932:

OWEN, J.   Myrtle Brown and L. H. Brown were passengers in the automobile driven by Marion Brown at the time of the accident dealt with in the companion case of *Marion Brown v. Henry Haertel et al.,* decided herewith (*ante,* p. 345, 244 N. W. 630).   The actions were brought by them to recover damages for personal injuries which they sustained in that accident.   Upon motion of the defendants, John Brown and Marion Brown were impleaded as defendants, and a cross-complaint for contribution was made against them by the defendants.   The plaintiffs were exonerated of contributory negligence and they had judgments against the defendants for the amount of their dam-

ages.  The judgments made no disposition of the issues raised by the cross-complaint for contribution.  From these judgments the defendants Henry Haertel and Henry Haertel Service, Inc., appeal.  They contend that the plaintiffs, Myrtle Brown and L. H. Brown, were guilty of contributory negligence in failing to keep a lookout, which contributory negligence either defeats their right to recover or minimizes the negligence of the defendants.

While we held Marion Brown guilty of contributory negligence as a matter of law in the companion case, it is to be remembered that Myrtle Brown and L. H. Brown were simply passengers in the automobile.  In the recent case of *Tomberlin v. Chicago, St. P., M. & O. R. Co.* 208 Wis. 30, 238 N. W. 287, 242 N. W. 677, 243 N. W. 208, the difference between the character of the duty devolving upon the driver and the gratuitous passenger in an automobile to maintain a lookout and to discover approaching danger was emphasized, and it was there held that the duty devolving upon the passenger in such respect was not of that imperative nature the failure to perform which convicted him of negligence as a matter of law, and it was there held that while it was the duty of a passenger in an automobile to exercise ordinary care for his or her protection, the degree of care required and whether it was exercised were jury questions.  There is no consideration upon which the verdict of the jury in these cases exonerating the plaintiffs from contributory negligence can be disturbed.

The judgments in these cases do not appear to have disposed of the issues raised upon the cross-complaint.  The judgments are in favor of the plaintiffs and against the defendants.  The appeals are simply from those judgments.  While the fact that negligence on the part of Marion Brown and John Brown proximately contributed to the accident would seem to justify a recovery of contribution in some

amount by the defendants from them, no question with reference to that branch of the case seems to be presented.

*By the Court.*—Judgments affirmed.

The following opinion was filed February 7, 1933:

PER CURIAM (*on motion for rehearing*). In the actions brought by Myrtle Brown and L. H. Brown against Henry Haertel Service, Inc., in which John Brown and Marion Brown were impleaded as defendants, the final judgment made no disposition of the issues raised by the cross-complaint. This was noted in the opinion, where it was said:

"While the fact that negligence on the part of Marion Brown and John Brown proximately contributed to the accident would seem to justify a recovery of contribution in some amount by the defendants from them, no question with reference to that branch of the case seems to be presented."

Upon this motion for rehearing we have carefully reconsidered the question. The disposition of the case is challenged, and *Bakula v. Schwab,* 167 Wis. 546, 168 N. W. 378, where a similar judgment was construed as having disposed of all the issues raised in the case, is cited as authority for the proposition that this court should now construe the judgment as having denied a recovery for contribution, as upon the facts found by the jury the defendants were entitled to no such judgment. While the similarities between these cases and the *Bakula Case* are not exact, they are nearly so, and we are disposed to apply the rule of the *Bakula Case* to these cases. See *Wait v. Pierce,* 191 Wis. 202, at p. 228, 209 N. W. 475, 210 N. W. 822.

There is no doubt that the judgment failed to dispose of the issue raised under the cross-complaint because judgment against the cross-complainants was imperative in view of the finding of the jury. As it is the function of the judgment

to dispose of all the issues of the case, and as a strict adherence to procedural practice might require remanding of this case for the purpose of disposing of the issue raised on the cross-complaint, it is plainly in the interest of expedition to construe the judgment to be that as of necessity it would be had the court not apparently overlooked the issue of the cross-complaint.

The jury found the defendant Haertel guilty of negligence, and it is held that the impleaded defendants, Marion Brown and John Brown, were guilty of negligence as a matter of law. Had the plaintiffs Myrtle and L. H. Brown asked for judgment against the cross-complainants and the impleaded defendants, judgment would have gone against the cross-complainants and impleaded defendants jointly for the full amount of the damages sustained. As the case now stands, however, Myrtle and L. H. Brown sought no judgment against the impleaded defendants. As between themselves, the cross-complainants and the impleaded defendants would have been adjudged equally liable to the plaintiffs, and the right of contribution would then have arisen when one or the other paid more than a just share of the joint judgment. If the cross-complainants are equally liable for the damages sustained by the plaintiffs, the right of contribution is not defeated because the plaintiffs sought no judgment against the impleaded defendants. The right of contribution does not rest in this case upon the negligence either of the cross-complainants or the impleaded defendants. Contribution is an equitable doctrine, and the right to it arises when one has paid more than his just proportion of a joint liability. Liability for contribution ordinarily arises in contract, and for a long time it was held that it could not arise in tort. In later times that view has been abandoned. *Ellis v. Chicago & N. W. R. Co.* 167 Wis. 392, 167 N. W. 1048. As stated in *Frankfort General Ins. Co. v. Milwaukee*

*E. R. & L. Co.* 169 Wis. 533, 173 N. W. 307, the right of contribution ·arises out of a common obligation. The right is the same whether it arises out of contract or tort. Where the plaintiff is guilty of no contributory negligence, the plaintiff's right to recover is complete as to those who contributed to the plaintiff's injuries.

Sec. 331.045, commonly referred to as the Comparative Negligence Statute, does not operate until there has been a finding of contributory negligence. If there be no contributory negligence in a case, the statute has no application. Sec. 331.045 was not enacted for the purpose of measuring the liability of joint tortfeasors as between themselves. Under the rule laid down in *Wait v. Pierce,* 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, the cross-complainants are entitled to a contingent judgment against the impleaded defendants.

We do not determine in this case what, if any, effect sec. 331.045 has in cases where the plaintiff is found guilty of contributory negligence in varying degrees as to several defendants. Manifestly that is a situation not dealt with by the statute. Whether in such cases there must be separate judgments against the several defendants, or whether the judgment shall be partly joint and partly several, and whether or not under such circumstances the principles governing the law of contribution are applicable, are questions that must be decided when they arise. They are not presented by the record in this case. Here the conditions exist for contribution as it has been heretofore administered.

It is not necessary to set aside the judgment in favor of the plaintiffs against the original defendants. The practice indicated in *Scharine v. Huebsch,* 203 Wis. 261, 234 N. W. 358, should prevail, and in accordance with that holding separate judgment may be entered in favor of the cross-complainants against the impleaded defendants.

*By the Court.*—The mandate is amended to read: Upon the appeal of the original defendants, the judgment in favor of Myrtle Brown and L. H. Brown is affirmed. So far as the judgment adjudges that the impleaded defendants are not liable to the cross-complainants, the judgment is reversed, with directions to the trial court to enter judgment in favor of the cross-complainants against the impleaded defendants as indicated in the opinion.