WURTZINGER, Administratrix, Respondent, v. JACOBS, d/b/a OTTO JACOBS TEAMING COMPANY, and another, Appellants.

*January 10—February 8, 1967.*

704

706

For the appellants there was a brief by *Heide, Sheldon, Hartley & Thom* and *William A. Sheldon,* all of Kenosha, and oral argument by *William A. Sheldon.*

For the respondent there was a brief by *Godfrey, Godfrey, Neshek & Conway* and *Milton E. Neshek,* all of Elkhorn, and oral argument by *Milton E. Neshek.*

WILKIE, J. Two issues are presented on this appeal:

1. Should the recovery made by the parents in the wrongful-death action be subject to the contribution rights of the defendants created by the negligence of the deceased?

2. Should the recovery made in the survival action be reduced for attorney's fees, in order to allow compensation to counsel before the recovery is available for contribution?

Appellants' obvious reason for attempting to extend their contribution rights to the wrongful-death recovery and the attorney's fees in the survival action is that the

estate of the deceased driver, Frank Bart Wenzig, III, is judgment proof.

## Wrongful-Death Recovery.

The doctrine of contribution is an equitable doctrine founded upon principles of equity and natural justice and based on common liability.[1] Contribution between joint tort-feasors arises when one joint tort-feasor pays more than his equitable share of the damages.[2] The basic elements of recovery in an action for contribution are set out in *Farmers Mut. Automobile Ins. Co. v. Milwaukee Automobile Ins. Co.*[3] as:

(1) Both parties must be joint negligent wrongdoers.

(2) They must have common liability because of such negligence.

(3) One such party must have borne an unequal proportion of the common burden.

The requirements of an action for contribution do not exist against the beneficiaries of a wrongful-death action. None of the beneficiaries in the case at bar were guilty of any negligence which contributed to the causation of the accident. Thus, these beneficiaries were not joint negligent wrongdoers and there is no common liability on their part necessary to support a contribution against them. Furthermore, an action for wrongful death under sec. 331.04, Stats. 1963 (now sec. 895.04), belongs to the beneficiaries and is designed to compensate for the loss of the relational interest existing be-

[1] *Bauman v. Gilbertson* (1959), 7 Wis. (2d) 467, 96 N. W. (2d) 854; *Ayala v. Farmers Mut. Automobile Ins. Co.* (1956), 272 Wis. 629, 76 N. W. (2d) 563; *Connecticut Indemnity Co. v. Prunty* (1953), 263 Wis. 27, 56 N. W. (2d) 540.

[2] *Frankfort General Ins. Co. v. Milwaukee Electric Railway & Light Co.* (1919), 169 Wis. 533, 173 N. W. 307.

[3] (1959), 8 Wis. (2d) 512, 99 N. W. (2d) 746. See 1960 Wisconsin Law Review, 478, 489, 490.

tween the beneficiaries and the deceased.[4] In *Nichols v. United States Fidelity & Guaranty Co.*[5] this court stated that the action for wrongful death has for its purpose the compensation of the survivors for the loss of benefits caused by the death of the deceased, and does not belong to the estate of the deceased or become an asset thereof. A wrongful-death action, although it arises because of the death of a person, is a new cause of action distinct from any cause of action which the deceased might have had if he had survived.[6]

The wrongful-death action does not belong to the deceased and the proceeds of the action should not be subject to his obligations. The rule is stated as follows:[7]

"Where the personal representative . . . sues as a trustee on behalf of the particular persons designated in the statute, the damages are ordinarily not considered to be assets of the estate and therefore are not, generally, subject to the claims of the decedent's creditors."

Under our statute, the trustee in bankruptcy of the deceased or other creditors of the deceased could not reach the wrongful-death proceeds. No good reason exists for making an exception for a creditor whose rights are based on a contribution action.

Appellants argue that contribution rights against the wrongful-death proceeds should exist because any negligence of the deceased is a limitation on the recovery of the statutory beneficiaries. The contributory negligence of the deceased as a limitation to recovery has been imposed by statute, however, and no mention is made of contribution rights in the statute. Our court has rejected an integral relation between contribution and contributory negligence in *Bielski v. Schulze.*[8]

---

[4] Prosser, Law of Torts (3d ed.), p. 929, sec. 121.

[5] (1961), 13 Wis. (2d) 491, 109 N. W. (2d) 131.

[6] *Truesdill v. Roach* (1960), 11 Wis. (2d) 492, 105 N. W. (2d) 871.

[7] 22 Am. Jur. (2d), Death, p. 738, sec. 184.

[8] (1962), 16 Wis. (2d) 1, 114 N. W. (2d) 105.

*Attorney's Lien.*

The second cause of action for damages to the deceased's car and medical expense is a survival action under sec. 331.01, Stats. 1963 (now sec. 895.01), brought by the administratrix of the deceased's estate. All recovery under this cause of action inures to the benefit of the estate and is subject to the contribution rights of the appellants. The trial court, however, ruled that sec. 256.36 places a lien on amounts recovered by counsel in all cases. Under its ruling, this lien was equal to the expenses and fees of the attorney in the action, and this attorney's lien on the proceeds of the survival action had priority over the contribution rights of the appellants. Two basic questions are posed by this ruling: (1) Does the attorney have a lien on the proceeds of the survival action? (2) If so, does the attorney's lien have priority over the contribution rights of the defendants?

The law of attorney's liens is summarized in the case of *Stanley v. Bouck.*[9] When an action "is founded upon a written instrument in the possession of the attorney, he has a lien on the *cause of action* for his services and disbursements at least from the time of the commencement of the action . . . and after judgment he has a lien on the judgment obtained."[10] There was no such written instrument here. When an action is brought to recover unliquidated damages, either in contract or tort, there was, at common law, no lien before judgment.[11] Such a lien was provided by statute, however, if the lien was given by contract between the attorney and his client and if notice of the agreement is made to the opposite party or his attorney.[12] This statutory attorney's lien is

[9] (1900), 107 Wis. 225, 83 N. W. 298.
[10] Id. at page 230.
[11] Ibid.
[12] *Stanley v. Bouck, supra,* footnote 9, at page 230; see also *Goldman v. Home Mut. Ins. Co.* (1964), 22 Wis. (2d) 334, 126 N. W. (2d) 1.

given "upon such cause of action and upon the proceeds or damages derived in any action brought for the enforcement of such cause of action, as security for his fees in the conduct of such litigation . . . ." [13]

In the case at bar the only evidence of an agreement is in an uncontroverted affidavit of one of respondent's attorneys attached to their after-verdict motions. There is no record of any notice. Failing adequate facts as to the agreement and notice thereof, the trial court was in error in stating that there was an attorney's lien under sec. 256.36, Stats. Whether or not there is a statutory lien is crucial because once a lien pursuant to sec. 256.36 is found, that lien has priority over the claims of the defendants here.

Although the record does not contain facts sufficient for a finding of a statutory lien, the rule is well established that an attorney has an equitable lien once a judgment in contract or tort action is recovered, this lien being by operation of law, for his services and disbursements in the action. [14] This equitable lien is a distinct entity from the statutory lien provided by sec. 256.36, Stats. The attorney's equitable lien would not have priority over the contribution rights of these defendants. The problem of priorities is discussed in 7 Am. Jur. (2d), Attorneys at Law, p. 209, sec. 290:

"A distinction is sometimes made between setoffs acquired prior to, and those acquired after, the rendition of the judgment on which the attorney claims a lien. Thus, the attorney's lien is deemed superior to a setoff acquired after the rendition of the judgment, especially if the cause of action out of which the judgment sought to be set off resulted arose out of a transaction separate and distinct from that out of which arose the cause of action resulting in the judgment to which the attorney's lien is affixed, but inferior to a setoff acquired prior to

---

[13] Sec. 256.36, Stats.
[14] *Stanley v. Bouck, supra,* footnote 9, at page 230.

such judgment or to one that was properly pleaded and proved in the action." [15]

Wisconsin has adopted this distinction. Thus, an attorney's equitable lien is superior to the setoff rights of judgment creditors when such creditors obtain judgment in an unrelated action,[16] or when such creditors obtain judgments after the judgment in the action in which the attorney renders his service.[17] On the other hand, the right of setoff, when the judgments are in the same action, or actions growing out of the same subject matter, is generally deemed superior to the claim of an attorney for compensation.[18]

Because the equitable lien in this instance is junior to the claims of defendant and because the record is insufficient to establish a statutory lien we remand for further proceedings to ascertain whether or not there was a lien under sec. 256.36, Stats.

*By the Court.*—Judgment affirmed as to Graf and Serio causes of action; judgment affirmed as to cause of action of Helen Wurtzinger and Frank Bart Wenzig, Sr.; judgment reversed as to cause of action of Mrs. Wurtzinger as administratrix of the estate of Frank Bart Wenzig, III, and remanded for further proceedings consistent with this opinion. No costs on this appeal.

[15] See Anno. 34 A. L. R. 323, supplemented by Anno. 51 A. L. R. 1268.

[16] *Gauche v. Milbrath* (1900), 105 Wis. 355, 357, 81 N. W. 487; *Rice v. Garnhart* (1874), 35 Wis. 282.

[17] *Stanley v. Bouck, supra,* footnote 9.

[18] *Yorton v. Milwaukee, Lake Shore & W. R. Co.* (1885), 62 Wis. 367, 21 N. W. 516, 23 N. W. 401; *Bosworth v. Tallman* (1886), 66 Wis. 533, 29 N. W. 542; *Rayworth v. Goodrick* (1916), 163 Wis. 404, 158 N. W. 57. See also 1 Callaghan's, Bryant, Wisconsin Pleading and Practice (3d ed.), pp. 193–196, secs. 4.41–4.44; 5 Callaghan's, Bryant, Wisconsin Pleading and Practice (3d ed.), p. 415, sec. 37.133.

HALLOWS, J. (*dissenting in part*). I dissent from that part of the decision which holds an attorney's equitable lien upon a judgment is subordinated to a right to contribution asserted as set off against the judgment. In *Stanley v. Bouck* (1900), 107 Wis. 225, 83 N. W. 298, in discussing the equitable lien of an attorney upon a judgment secured by his services, the court clearly points out that the application to set off one judgment against another is addressed to the sound discretion of a court of equity and went on to state that the setoff "will not be allowed as against an attorney's equitable lien for services and disbursements, where evident injustice will be done," citing *Gauche v. Milbrath* (1900), 105 Wis. 355, 81 N. W. 487.

The three cases cited in the majority opinion for the proposition that "the right of setoff, when the judgments are in the same action, or actions growing out of the same subject matter, is generally deemed superior to the claim of an attorney for compensation" did not involve judgments for contribution and are not authority for such application. In *Yorton v. Milwaukee, Lake Shore & W. R. Co.* (1885), 62 Wis. 367, 21 N. W. 516, 23 N. W. 401, a setoff of a legal claim was allowed which consisted of setting off costs in favor of one against the costs in favor of the other party. The court put this result on the facts of the case upon equitable grounds. In *Bosworth v. Tallman* (1886), 66 Wis. 533, 29 N. W. 542, costs of one party to the action were set off against costs of the other party and the attorney's lien on the costs was subrogated. This decision, likewise, placed the result upon the equities between the parties. *Rayworth v. Goodrick* (1916), 163 Wis. 404, 158 N. W. 57, likewise did not involve a balancing of the attorney's lien with an equitable claim but a setoff of legal claims between the same parties.

In the instant case, it was the work and the services of the attorney which produced the judgment which is

sought to be attached by a setoff procedure based on a claim for contribution. The claim for contribution is equitable and does not arise until one joint tort-feasor pays more than his share. At the time the setoff was allowed the right to contribution was conditional, but the attorney's equitable lien was absolute. Of course, an attorney's lien, whether statutory or equitable, is on the net recovery, but this is not a case of net recovery but of priority. No reason exists for not granting an attorney's equitable lien the same priority as his legal lien. I do not consider it just or equitable to attorneys to subject their equitable lien for services on a judgment to the claim for contribution by a joint tort-feasor. I would affirm.

I am authorized to state that Mr. Justice BEILFUSS joins in this dissent.