## COURTNEY VS. McGAVOCK.

*Lien of attorney on cause of action, and on judgment.*

23 619
d107 230
d107 232

23 619
116 503

1. Where plaintiff's attorney, by agreement with his client, is to be paid out of the proceeds of the judgment, a settlement by stipulation between the parties to the suit will not be set aside as fraudulent without proof of a fraudulent intent *in the defendant*, although such intent on plaintiff's part is shown, and he is insolvent.

Courtney vs. McGavock.

2. The attorney in such a case should notify defendant of the agreement between himself and his client, after which such a settlement would be held fraudulent.

3. Where the action is for unliquidated damages, the attorney has no lien for his services *before* judgment; nor (*it seems*) any lien on the judgment, when rendered, without due notice to the defendant. Otherwise, where the action is on a written instrument in the attorney's possession.

4. Whether a stipulation in such settlement, that judgment should go against plaintiff for costs on an appeal taken to the supreme court, would not be held void as to the sureties on the appeal bond, it was not necessary to determine here.

APPEAL from the Circuit Court for *Rock* County.

Action for wages alleged to be due plaintiff from defendant, in the sum of $250. Plaintiff appealed from an order dismissing an attachment which he had sued out against defendant's goods. While the appeal was pending here, defendant's attorneys filed a stipulation signed by plaintiff, to the effect that the appeal might be dismissed at his costs; and it was so dismissed. Thereupon plaintiff's attorneys filed affidavits tending to show that they brought the action at plaintiff's solicitation, and rendered services and incurred expenditures therein, believing his claim to be a valid one, and knowing that he was poor and unable to meet the expenses of the litigation except out of the amount which he might recover herein, but relying upon his honesty and his assurance that they should be paid out of said recovery; and that they had no knowledge of any intended settlement between the parties until after the appeal was dismissed. They further stated in their affidavits that the plaintiff was insolvent, and that they had reason to believe, and did believe, that such settlement was made by the parties for the purpose of defrauding them of the amounts justly due for their services, and compelling them to pay the expenses and costs in this court, as well as in the circuit court, they having secured the persons who became sureties on the appeal bond. Upon these affidavits they moved to vacate all the proceedings in this

court based upon said stipulation, and that the action proceed to judgment and execution as if no such stipulation had been filed. Counter-affidavits were filed, the contents of which need not be stated. The facts, as understood by this court, will sufficiently appear from the opinion.

*Noggle & Castle,* for the motion:

An attorney has a lien upon the judgment recovered, for pay for his services, to the amount of the taxable costs; and this as well since as before the Code. To that extent he is regarded as the equitable assignee of the judgment. 15 Johns. 416; 10 Wend. 617; 4 Cow. 416; 1 Paige, 622; 4 Barb. 47; 9 How. Pr. R. 16, 460; 12 id. 136; 16 id. 160–173; 18 N. Y. 368. The attorney's lien attaches to the claim itself, from the commencement of the action to the judgment. 19 How. Pr. R. 153; 2 Sandf. 637; 7 Abb. 210; 12 id. 325; *Howard v. Town of Osceola,* 22 Wis. 453. If there is any private settlement or collusion in effecting the settlement of an action without paying the costs, the attorney's lien remains, as well before as after judgment. 9 Johns. 259; 1 Taunt. 341; 21 How. 293; 22 Wis. 453.

*Todd & Converse, contra,* contended that before judgment a party may settle his suit without reference to the probability that his attorney might obtain his costs by a trial and judgment. 18 N. Y. 489; 5 How. 347; 4 Bosw. 670; 4 Sandf. 661; 2 Vt. 97; 41 Ill. 140.

Dixon, C. J. This is undoubtedly a hard case, so far as the attorneys for the plaintiff are concerned, who have rendered valuable services and advanced considerable sums of money in the prosecution of the action, relying upon the agreement between themselves and the plaintiff, that they should be paid out of the proceeds of the judgment which should ultimately be recovered against the defendant. The conduct of the plaintiff has been grossly unfair and dishonest. By the settlement in

question and stipulation to dismiss his appeal, he has deprived his attorneys of all means of obtaining compensation as provided by the agreement; and it appears from the affidavits that he is utterly insolvent and worthless. The attorneys move to set aside the stipulation, and that the action may proceed as if it had not been made, in order that they may prosecute it to final judgment, and so get satisfaction of their claims according to the terms of the agreement. It would be very gratifying to us if the law would permit them to do so, and if, at the same time, no injustice would be done to the defendant. But injustice would be done to the defendant; and therefore the law will not permit it. The motion proceeds upon two grounds: first, that the settlement was fraudulent, and effected for the purpose of defeating the just claims of the attorneys; and second, that the attorneys have a lien upon the cause of action for their fees and disbursements. As to the first of these grounds, however fraudulent the settlement was as to the plaintiff, as to the defendant there is no reason for saying that he was actuated by any fraudulent motive whatever in making it. The affidavits do not show, nor is there any ground for supposing, that the defendant knew of the agreement existing between the plaintiff and his attorneys. Without such knowledge, there was no fraud on the part of the defendant; and he being innocent, the settlement must stand, notwithstanding the gross dishonesty of the plaintiff. To have obviated this difficulty, the attorneys for the plaintiff should have given the defendant notice of the agreement; and then there could have been no valid settlement or discontinuance of the action without the assent of the attorneys.

As to the second ground of the motion, that the attorneys have a lien upon the cause of action, we are satisfied that independently of an agreement to that effect between the plaintiff and his attorneys, of which the defendant has received notice, no such lien attaches before judgment to a claim for unliqui-

dated damages of this nature. The authorities on this point seem to be very clear. *Getchell v. Clark*, 5 Mass. 309; *Henchey v. The City of Chicago*, 41 Ill. 136; *Shank v. Shoemaker*, 18 N. Y. 439; *Foote v. Tewkesbury*, 2 Vt. 97; *Sweet v. Bartlett*, 4 Sandf. 66; *McDowell v. Second Avenue Railroad Company*, 4 Bosw. 670. And even after judgment it seems that it is necessary for the attorney to give notice of his lien, and that he insists upon it, in order that he may be protected against a settlement in good faith, or one not made for the purpose of depriving him of his costs and disbursements. But where the action is founded upon a contract in writing, or instrument for the payment of money, which contract or instrument is in the possession of the attorney, there the lien attaches before judgment, from the moment the defendant has notice of the employment of the attorney, or from the commencement of the action; and any settlement made by the parties without discharging the fees of the attorney, is deemed as to him so far fraudulent and void. Such is the principle recognized by the decisions of this court in *Chappell v. Cady*, 10 Wis. 112, and *Howard v. The Town of Osceola*, 22 id. 453; but it obviously has no application to the present case.

Another ground incidentally urged in support of the motion perhaps requires some notice. It is, that the stipulation of the plaintiff that judgment for costs on the appeal in this court shall be rendered against himself, is fraudulent and void as against his sureties in the undertaking for appeal. If this were a point involved in the decision, I should regard it as by far the most serious question presented. But it is not necessary to be here decided. The judgment here goes only against the plaintiff. If the sureties are to be made liable, it must be by an action over against them upon the undertaking. When such an action is commenced, and the defense made, it will be time enough to determine whether a corrupt and irresponsible appellant can take advantage of the appeal for the purpose of stipu-

lating money into his own pocket, and at the same time stipulate for a liability over against his sureties, who are wholly unsecured and without remedy, or secured only at the expense of the appellant's unpaid attorneys.

*By the Court.* — The motion is overruled, without costs to either party.