NIGHTINGALE vs. BARENS and another.

*Dismissal of Appeal.*

A motion to dismiss the appeal pursuant to a stipulation of the parties, resisted on the ground that such stipulation was procured by fraud and duress, granted; no fraud or duress being shown.

APPEAL from the Circuit Court for *Outagamie* County.

A motion to dismiss the appeal was argued May 23d, 1876, by *A. M. Blair*, for the plaintiff and respondent, and *De W. C. Priest*, for the defendants.* The motion was denied on the 17th of August following.

LYON, J. The plaintiff moves that the appeal be dismissed

---

* The attorneys first of record in the case were *Priest & Carter* for the appellants, and *A. M. Blair* and *Henry F. Rose* for the respondent.

Nightingale vs. Barens and another.

without costs, pursuant to a stipulation to that effect signed by the defendants in person and by the attorney for the plaintiff. The motion is resisted on the alleged grounds that the stipulation was procured by fraud and duress. Voluminous and conflicting affidavits have been read in support of, and in opposition to, the motion. After carefully considering these affidavits, we think they fail to show that the stipulation was improperly obtained from the appellants. On the contrary, it satisfactorily appears that the same was entered into by the appellants deliberately and freely, and that the plaintiff is not justly chargeable with having resorted to any fraud, intimidation or duress to procure it. The force of the claim put forth by the appellant husband, that he is so unfamiliar with the English language that he did not understand the negotiations which terminated in the stipulation, is greatly weakened, if not destroyed, by the fact that in his affidavits he details with much minuteness alleged conversations which were evidently in that language.

No unfair means having been resorted to by the plaintiff to obtain the stipulation, but the same having been freely and voluntarily entered into by the appellants with full knowledge of what they were doing, the stipulation is valid, within the ruling of this court in *Courtney v. McGavock*, 23 Wis., 619. Of course, on this motion we cannot consider the merits of the appeal.

*By the Court.*—Motion granted.