Margaret K. BROOKS, and Rita Havey, Plaintiffs-Appellants,

v.

BANK OF WISCONSIN DELLS, and John Kremer, Defendants-Respondents.†

Court of Appeals

*No. 90–1435. Submitted on briefs January 8, 1991.—Decided February 21, 1991.*

(Also reported in 467 N.W.2d 187.)

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Kim Grimmer* and *Robert E. Shumaker* of *Ross & Stevens, S.C.,* of Madison.

For the defendants-respondents the cause was submitted on the briefs of *William T. Curran* of *Curran, Hollenbeck & Orton, S.C.,* of Mauston.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

EICH, C.J.    Margaret Brooks and Rita Havey appeal from a summary judgment dismissing their complaint against the Bank of Wisconsin Dells and John Kremer, one of its officers. The issues are: (1) whether Brooks and Havey, as beneficiaries of Madeline Stanton's "payable-on-death" (POD) certificate of deposit, have standing to sue Kremer and the bank for Kremer's negligence when, as Stanton's attorney-in-fact, he liquidated the certificate and used the proceeds to pay Stanton's expenses prior to her death; (2) whether the plaintiffs' action is barred by *res judicata* or other rules of

issue preclusion because they filed and compromised a claim against Stanton's estate seeking reimbursement for the lost funds; and (3) whether the complaint states a cause of action for negligence against Kremer and the Bank.

We conclude that the plaintiffs had standing to sue, that their claims are not barred, and that their complaint states a cause of action against both defendants. We therefore reverse the judgment.

The facts are not in dispute. In 1978, Madeline Stanton purchased a $20,000 certificate of deposit from the bank. Kremer, at Stanton's request, inserted language in the certificate providing that upon her death her two nieces, Havey and Brooks, would each receive one-half of the face value of the certificate. Kremer renewed the certificate several times after 1978, using the POD language each time.

In 1982, Stanton executed a power of attorney naming Kremer her attorney-in-fact and authorizing him, among other things, to manage her bank accounts. Pursuant to the power of attorney, Kremer began paying Stanton's bills and managing her money.

When the POD certificate matured in 1983, Kremer cashed it in and placed the money in Stanton's checking account, from which he paid her living expenses. Upon Stanton's death in 1984, the balance remaining in the checking account—which was then substantially less than $20,000—passed not to Brooks and Havey, but to Stanton's estate. Brooks and Havey sued, claiming that Kremer, as Stanton's attorney-in-fact, was negligent in failing to carry out her stated intention that the $20,000 certificate of deposit should pass to them on her death. They sought to impose liability on the bank on *respondeat superior* grounds. The trial court granted Kremer's and the bank's motion to dismiss, concluding that

Brooks and Havey lacked standing to sue, that the action was barred because they had filed and compromised a claim against Stanton's estate based on the same documents.

In summary judgment cases, we employ the same analysis as the trial court. *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582 (Ct. App. 1983). Where there are no issues of material fact, as is the case here, summary judgment may be an appropriate means of raising and deciding the legal issues. *Smith v. State Farm Fire & Cas. Co.,* 127 Wis. 2d 298, 300, 380 N.W.2d 372, 373 (Ct. App. 1985). We decide such issues *de novo. Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315–17, 401 N.W.2d 816, 820–21 (1987).

Brooks and Havey argue first that the trial court erred in holding that they lack standing to sue for Kremer's negligence. The court grounded its ruling on sec. 705.01(6), Stats. Chapter 705 regulates "multiple party and agency" bank accounts—including POD accounts such as that at issue here. Section 705.01 is the definition section of the chapter and subsection (6), on which the court relied in this case, provides in part as follows:

> "Party" means a person who, by the terms of an account, has a present right, subject to request, to payment therefrom other than as agent. A beneficiary of a P.O.D. account is a party only after the account becomes payable to him [or her] by reason of his [or her] surviving the original payee.

The trial court concluded that "[b]ecause plaintiffs are not . . . 'part[ies]' to this POD account as 'party' is defined in Section 705.01(6) . . . they have no standing to continue this action." We disagree.

44

Chapter 705, Stats., does not state the legal standard for determining whether Kremer can be held accountable to Brooks and Havey for his negligent failure to carry out Stanton's intentions. It merely defines the term "party" in the context of the statutes dealing with "multiple-party" accounts. That the "party" contemplated in the statutory definition is simply one who is a party to a multi-party or agency account is apparent from a perusal of the rest of the chapter. The sentence immediately following the portion of sec. 705.01(6) quoted above, for example, states that "[a] minor may be a *party to an account* . . .." Section 705.01(1), which defines the term "account," states that all accounts "in which there are 2 or more *parties,*" must be evidenced by a writing. Section 705.01(2), which defines the term "agent," states the definition in terms of agency "for all of the *parties* to the account." Section 705.01(4), which defines "joint account," states the definition in terms of "an account . . . payable on request to one or more of 2 or more *parties* . . .." Similar examples are found throughout the chapter.

We conclude, therefore, that the definition of "party" in sec. 705.01(6), Stats., relates only to the person or persons who are parties to a multiple-party or agency account. It has nothing to do with legal standing to sue a depositor's agent for alleged negligence in maintaining a POD account, and the trial court erred when it held to the contrary.

As indicated, the trial court also ruled that Brooks and Havey were precluded from bringing the action because they had made and settled a claim against Stanton's estate for the promised funds.

Brooks and Havey filed a "Petition for Determination of Property Rights" in the probate court in which

Stanton's estate was pending. They claimed that their interest in the POD certificate of deposit survived liquidation of the certificate and followed the funds into Stanton's checking account; and they asked the court to impose a constructive trust in their behalf over any funds remaining in the successor account.

Their claim was settled by a stipulation, or "compromise agreement," with Stanton's heirs whereby Brooks and Havey would each receive $5,179.80 from the checking account, and each of the six heirs would receive $1,179.80. The trial court, stating its opinion that "[t]he same factual situation was presented" in the probate proceeding as in this case, and noting that the order approving the compromise in that proceeding "ha[d] not been appealed," dismissed the action without further comment. We infer from the court's comments that it believed principles of *res judicata* or other issue-preclusion rules compelled dismissal of Brooks' and Havey's complaint in this action.

■

*Res judicata* makes a final adjudication conclusive in a subsequent action between the same parties. *Landess v. Schmidt,* 115 Wis. 2d 186, 191, 340 N.W.2d 213, 215–16 (Ct. App. 1983). Estoppel by record, a related doctrine, prevents a party from relitigating what was actually litigated, or what might have been litigated, in a former proceeding. *Acharya v. AFSCME, Counsel 24,* 146 Wis. 2d 693, 696, 432 N.W.2d 140, 142 (Ct. App. 1988). Estoppel by record differs from *res judicata* in that it is the record of the earlier proceedings, rather than the judgment itself, that bars the second proceeding. *Id.* Both rules require, however, that in order for a prior proceeding to bar the current action there must be an identity of parties and an identity of causes of action

or claims in the two proceedings. *Landess,* 115 Wis. 2d at 191, 340 N.W.2d at 216.

Kremer, arguing that there is an identity of parties in the probate proceeding and the instant case, focuses on a heading in Brooks' and Havey's probate petition entitled "The Parties," and the appearance of Kremer's and the bank's names underneath the heading. It is apparent to us, however, that the reference to Kremer and the bank in the petition serves only to identify their connection with the documents on which the petition was based: the POD certificate and the successor checking account. There is no indication in the record that Kremer or the bank were ever served with the petition, that they received notice of the hearing, or appeared in the probate proceedings in any manner. Indeed, the compromise agreement indicates on its face that the settlement was only between the petitioners, Brooks and Havey, and the six Stanton heirs. Neither Kremer nor the bank are mentioned in the agreement or in the order approving it. The simple listing of "parties" in the probate petition does not meet the "identity-of-parties" requirements of the issue-preclusion rules discussed above. As a result, the settlement of Brooks' and Havey's probate petition does not bar this action.

Although the trial court did not rule on the question, Kremer argues on appeal that the action must be dismissed because the complaint fails to state a claim upon which relief may be granted. He maintains that he owed no duty to Brooks and Havey—that his only duties were to Stanton, as her agent—and that, as a result, the plaintiffs' action must fail.

Brooks and Havey disagree. They contend that Kremer breached a duty of care owed to their aunt when he cashed the POD certificate and deposited the funds in

an unrestricted account, which he then used to pay bills. They argue that they, as third-party beneficiaries, were harmed by these actions and may sue for his negligence despite their lack of privity with him.

■

Wisconsin courts have recognized that, in some situations at least, parties injured by the negligent provision of professional services may sue the professional regardless of privity. *See Citizens State Bank v. Timm, Schmidt and Co.*, 113 Wis. 2d 376, 377, 335 N.W.2d 361, 362 (1983) (accountant liable to third party for negligence in preparing financial reports for client with whom third party dealt); *Auric v. Continental Cas. Co.*, 111 Wis. 2d 507, 509, 331 N.W.2d 325, 327 (1983) (intended beneficiaries have right of action against attorney for negligently supervising execution of a will); and *Matter of Revocable Trust of McCoy*, 142 Wis. 2d 750, 757, 419 N.W.2d 301, 305 (Ct. App. 1987) (trustee liable to intended beneficiary for negligent failure to advise settlor that a trust amendment must be in writing).

■

Whether it is appropriate to impose liability on Kremer for any allegedly negligent acts he committed which caused harm to Brooks and Havey is a question of public policy. *Auric*, 111 Wis. 2d at 512, 331 N.W.2d at 328. We conclude that the same policies which led to the recognition of third parties' causes of action for negligence in *Timm, Auric* and *McCoy* are applicable to an attorney-in-fact under the circumstances as pled by the plaintiffs in this case.

■

The *Auric* court considered several factors supporting the extension of liability to third parties:

the extent to which the transaction was intended to affect the plaintiff[s], the foreseeability of harm to

48

[them], the degree of certainty that the plaintiff[s] suffered injury, the closeness of the connection between the defendant's conduct and the injury, and the policy of preventing further harm. *Auric,* 111 Wis. 2d at 514, 331 N.W.2d at 329 (citation omitted).

Applying these factors, we conclude that the plaintiffs' complaint states a claim. The POD account was intended to directly benefit Brooks and Havey, and it was foreseeable that if the account were changed to an unrestricted account they stood to suffer a loss. And when just such a change was made, and the successor checking account was drawn down by Kremer, losses were certain to follow. Finally, we believe that imposing liability for any negligence that may ultimately be assigned to Kremer will help prevent future harm to others similarly situated.

As to the complaint itself, in addition to the facts surrounding the creation of the POD certificate and its liquidation and disbursement by Kremer, it alleges Kremer's knowledge of Stanton's intent that the $20,000 pass to Brooks and Havey on her death, that he never contacted Stanton when he cashed in the certificate and began spending the funds, and that he never made any attempt to ascertain whether there were other sources of funds available to Stanton which would have allowed the POD account to remain intact.

Where, as here, a complaint is challenged for failure to state a claim, its allegations are deemed admitted and they are liberally construed in favor of the action. *Evans v. Cameron,* 121 Wis. 2d 421, 426, 360 N.W.2d 25, 28 (1985). Thus, we will dismiss a claim "only if 'it is quite clear that under no conditions can the plaintiff recover.' " *Id.,* quoting *Morgan v. Pennsylvania General*

*Ins. Co.,* 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1974). The plaintiffs' complaint is not subject to dismissal under that test.[1]

*By the Court.*—Judgment reversed and cause remanded for further proceedings.

---

[1] The bank contends that there is no factual basis for holding it liable for Kremer's acts under the doctrine of *respondeat superior.* The plaintiffs' complaint alleges Kremer's status as an employee and officer of the bank and that all of his actions related to the case were performed during his regular working hours and with the intention of benefiting the bank. It also alleges that all of the accounts and certificates with which Kremer worked were the bank's, and that all of the deposits and withdrawals of which the plaintiffs complain were done during the course and within the scope of Kremer's employment at the bank.

We consider the complaint to state a claim against the bank on *respondeat superior* grounds under Wisconsin's "notice pleading" rules and the rules applicable to our consideration of challenges to the sufficiency of complaints discussed above.