Joseph W. WEIGEL, Plaintiff-Appellant,

v.

Thomas Thatcher GRIMMETT, Candace D. Korthals, Rose J. Spano and Grimmett & Korthals, a partnership, Defendants,

TRAVELERS INSURANCE COMPANY, a foreign corporation, GMAC Leasing Corporation, a foreign corporation, General Motors Acceptance Corporation, a foreign corporation, Register Moody General Contractors, Inc., a foreign corporation, and Charles Betts Galloway, Defendants-Respondents.

Court of Appeals

*No. 92-0001. Submitted on briefs November 4, 1992.—Decided December 15, 1992.*

(Also reported in — N.W.2d —.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Joseph W. Wegel* of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the briefs of *Donald H. Carlson* and *Mark A. McClendon* of *Riordan, Crivello, Carlson, Mentkowski & Steeves S.C.* of Milwaukee.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

FINE, J.   This case presents an appeal from the trial court's grant of summary judgment in favor of Travelers Insurance Co., and its insureds—GMAC Leasing Corp., Register Moody General Contractors, and Charles Galloway—against Joseph Weigel in Weigel's action for attorney fees. *See* sec. 802.08, Stats. Weigel claims the defendants willfully ignored his attorney's lien against monies they paid out in settlement of a matter in which Weigel claims to have represented the

plaintiffs. In granting summary judgment, the trial court concluded that Weigel held no such lien. We affirm.

## I.

The facts are undisputed. In June of 1985, Jean Kops was fatally injured in an automobile accident in Fort Lauderdale, Florida. Weigel had performed legal services for the Kops family in the past, and was apparently retained to pursue the Kops family's claims regarding Jean Kops' accident. He has not produced a written retention agreement, and alleges alternatively: (1) that the agreement document was misplaced, or, (2) that it never existed, but that he had an oral retention agreement with the Kops. In any event, Weigel wrote to each of the defendants, informing them that he was representing the Kops. After two years, during which time Weigel engaged in settlement negotiations and other legal activities on behalf of the Kops without resolution of the matter, the Kops retained local counsel in Florida.

Weigel assisted Florida counsel, who in 1989 successfully negotiated a settlement agreement in which the Kops waived all claims against the defendants regarding Jean Kops' accident in consideration for $500,000. One third of that amount, or $166,665, was paid by the defendants to Florida counsel. Weigel brought suit, claiming an attorney's lien on one third of that amount, or $55,555, and alleges that the defendants knew of that lien.[1] The trial court granted summary judgment to the defendants.

---

[1] Weigel has also brought suit against the Florida counsel, in which he alleges breach of a fee-sharing agreement. This appeal does not concern Weigel's claims against the Florida firm.

## II.

We review summary-judgment decisions *de novo.* *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). We, like the trial court, must: (1) examine the pleadings to determine whether the complaint states a claim and an issue of material fact, (2) examine the moving party's affidavits and other proof to determine whether the moving party has made out a *prima facie* case for summary judgment, and, (3) examine the non-moving party's affidavits and other proof to determine whether there is a dispute over a material fact from which alternative reasonable inferences could be drawn. *Grams v. Boss,* 97 Wis. 2d 332, 338-339, 294 N.W.2d 473, 476-477 (1980).

Weigel purports to state claims against the defendants on both common-law and statutory grounds.

### A. *Weigel's Common-Law Claim.*

Common-law equitable liens in favor of attorneys working on a contingency basis developed in order to secure the expectation of payment for matters upon which those attorneys labored. *See Howard v. Town of Osceola,* 22 Wis. 453, 458 (1868). Where the underlying cause of action turns upon a writing, i.e. sounds in contract, *and* the writing is in the attorney's possession, the common-law lien attaches "from the moment the defendant has notice of the employment of the attorney, or from the commencement of the action." *Courtney v. McGavock,* 23 Wis. 619, 623 (1869). In all other cases, the lien does not attach until judgment is rendered by the court. *Wurtzinger v. Jacobs,* 33 Wis. 2d 703, 711, 148 N.W.2d 86, 91 (1967) ("When an action is brought to

267

recover unliquidated damages, either in contract or tort, there was, at common law, no lien before judgment."). In *Courtney*, the court recognized as grossly unfair and dishonest the behavior of the defendant there, who, by settling his case just short of judgment, deprived his attorney of his fee; the court, nonetheless, re-affirmed the rule that, under the common law, "no such lien attaches before judgment to a claim for unliquidated damages." *Courtney*, 23 Wis. at 621-623.

Here, the underlying cause of action, the Kops' case, was in tort; it did not turn on a writing in Weigel's possession. The case settled and, therefore, never came to judgment. Reading Weigel's complaint in a light most favorable to him, as we must, *see Voss v. City of Middleton*, 162 Wis. 2d 737, 748, 470 N.W.2d 625, 629 (1991), we find that, as a matter of law, under no conditions could he recover on a common-law lien theory. Accordingly, his allegations in support of that theory fail to state a claim. *See Brooks v. Bank of Wisconsin Dells*, 161 Wis. 2d 39, 49-50, 467 N.W.2d 187, 191 (Ct. App. 1991) (complaint fails to state a claim when under no conditions would relief be appropriate).

B. *Weigel's Statutory Lien Claim.*

Section 757.36, Stats., provides in relevant part:

> Any person having or claiming a right of action, sounding in tort or for unliquidated damages on contract, may contract with any attorney to prosecute the action and give the attorney a lien upon the cause of action and upon the proceeds or damages derived in any action brought for enforcement of the cause of action, as security for fees in the conduct of the litigation; when such agreement is made and notice thereof given to the opposite party or his or her attor-

ney, no settlement . . . may be valid as against the lien so created.

Enforcement of such a statutory lien against a settlement requires proof of: (1) the agreement creating the lien, (2) notice to the other party, or the other party's counsel, and (3) the amount of the settlement. Section 757.37, Stats.[2]

Liberally construing Weigel's complaint, as we must in this context, *see Brooks*, 161 Wis. 2d at 49-50, 467 N.W.2d at 191, we find that Weigel successfully states a claim and raises a material issue of fact under the lien statute. Weigel alleges that a lien existed, defendants knew of the lien, and settlement was in the amount of $500,000. Nonetheless, defendants make a *prima facie* case for summary judgment and Weigel's affidavits in opposition to summary judgment do not raise an issue of material fact requiring trial by a fact-finder. *See Heck & Paetow Claim Serv. v. Heck*, 93 Wis. 2d 349, 355, 286 N.W.2d 831, 834 (1980) (purpose of summary judgment to obviate need for trial where no genuine issue of material fact).

---

[2] Section 757.37, Stats., provides:

**When action settled by parties, what proof to enforce lien.** If any such cause of action is settled by the parties thereto after judgment has been procured without notice to the attorney claiming the lien, the lien may be enforced and it shall only be required to prove the facts of the agreement by which the lien was given, notice to the opposite party or his or her attorney and the rendition of the judgment, and if any such settlement of the cause of action is had or effected before judgment therein, then it shall only be necessary to enforce the lien to prove the agreement creating the same, notice to the opposite party or his or her attorney and the amount for which the case was settled, which shall be the basis for the lien and it shall not be necessary to prove up the original cause of action in order to enforce the lien and suit.

■

A defendant makes a *prima facie* case for summary judgment by "show[ing] a defense that would defeat the plaintiff." *Grams*, 97 Wis. 2d at 338, 294 N.W.2d at 477. The defendants here have shown such a defense. Their attorney's affidavit in support of summary judgment states that "to date Mr. Weigel has not produced a retainer agreement or a contingent fee agreement giving him an attorney's lien on any fees that an attorney would be entitled to as a result of the settlement of the Florida action." Without such an agreement, specifically denoting a lien in favor of the attorney against the cause of action, no statutory lien exists.

Although Weigel argues that it is not necessary that the attorney-client agreement be in the form of a written contract, the law is to the contrary. Thus, in *Wurtzinger*, the supreme court held that an attorney failed to prove up his lien where "the only evidence of an agreement [was] in an uncontroverted affidavit" asserting the agreement's existence. 33 Wis. 2d at 712, 148 N.W.2d at 91.[3] By permitting attorneys to bargain for a lien that attaches prior to judgment, the attorney-lien statute derogates from common law. *See id.*, 33 Wis. 2d at 711, 148 N.W.2d at 91; *Stanley v. Bouck*, 107 Wis. 225, 230, 83 N.W. 298, 299 (1900). *Wurtzinger* is thus consistent with the general principle that such statutes should be strictly construed. *See Benjamin Plumbing, Inc. v. Barnes*, 162 Wis. 2d 837, 859, 470 N.W.2d 888, 897-898 (1991) (statutes that derogate from common law should be strictly construed).

---

[3] Wurtzinger interprets sections 256.36-37, Stats., which were subsequently renumbered sections 757.36-37, Stats. *See* Laws of 1977, ch. 187, sec. 96. The language of these prior sections was substantially identical to the current law.

Weigel's affidavit in opposition to summary judgment sets out his involvement in the Kops matter, and suggests that he was retained by the Kops throughout. The affidavit, however, does not allege an agreement between Weigel and the Kops under which Weigel agreed to represent the Kops in consideration for a lien against any judgment; nor does Weigel produce such an agreement. "An allegation of retainer is not sufficient to imply an agreement for a lien." *Goldman v. Home Mut. Ins. Co.*, 22 Wis. 2d 334, 339, 126 N.W.2d 1, 4 (1964). Even where a written retention agreement exists, there must be separate proof of the lien-agreement. *Cf. In re Richland Building Systems*, 40 B.R. 156, 157 (Bankr. W.D. Wis. 1984) (denying an attorney lien under Wisconsin law because "[a]lthough there was a written fee agreement . . . there is no specific written grant of a lien"). Weigel's admitted failure to produce a written lien-agreement between himself and the Kops precludes Weigel's claim against the defendants.[4]

---

[4] Weigel's affidavit in opposition to the defendants' motion for summary judgment does state that "the defendants and all of them totally ignored the statutory and common law lien rights of Attorney Weigel." "Affidavits in support [or opposition] of a motion for summary judgment must contain evidentiary facts . . .." *Hopper v. City of Madison*, 79 Wis. 2d 120, 130, 256 N.W.2d 139, 143 (1977). "Portions of affidavits . . . which contain allegations of ultimate facts, conclusions of law or anything other than evidentiary facts do not meet the statutory requirements and will be disregarded." *Ibid.* The question of whether Weigel did have statutory-lien rights is one of ultimate fact, and we therefore disregard this portion of the affidavit.

Defendants also raise Weigel's failure to prove notice to them of the alleged lien. We do not reach this question because we conclude no lien existed. We do note, however, that Weigel's 1985 correspondence to defendants, referred to by Weigel in his brief,

*By the Court.*—Judgment affirmed.

gave notice of retention, but did not mention an attorney's lien. *Compare Goldman*, 22 Wis. 2d at 343, 126 N.W.2d at 6 (notice of retention insufficient).