Clay W. Mc Carty, Plaintiff-Appellant,

Chippewa County, Plaintiff,

v.

Elio Covelli, Sue Covelli and Sheboygan Falls Mutual Insurance Company, Defendant-Respondents,

Bruce Johnson, Defendant.

Court of Appeals

No. 93–1698. Submitted on briefs December 1, 1993.—Decided February 9, 1994.

(Also reported in 514 N.W.2d 45.)

343

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John A. Becker,* of *Becker Law Office* of Racine.

On behalf of the defendants-respondents, the cause was submitted on the brief of *John G. Shannon Coates, Dye, Foley & Shannon* of Racine.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

NETTESHEIM, J. The issue is whether a seller of real estate is liable for an injury occurring on the property after the sale. Under the facts of this case, we hold that the seller is not liable. We affirm the trial court's grant of summary judgment to the sellers, Elio and Sue Covelli, and their liability insurer, Sheboygan Falls Mutual Insurance Company.

## FACTS

The facts are undisputed. The Covellis purchased rental property located at 6024 12th Avenue, Kenosha, Wisconsin in June of 1990. Thereafter, on July 23, 1991, they sold the property on a land contract to Bruce Johnson. After the sale, Johnson evicted the upstairs tenant. On September 14, 1991, the plaintiff, Clay W. McCarty, was helping the upstairs tenant move from the premises. While lowering a bed headboard over the upstairs porch, a porch railing gave way and McCarty fell, suffering injuries.

McCarty sued the Covellis and Johnson. As against the Covellis, McCarty alleged negligence for failure to maintain the property. The Covellis moved for summary judgment, contending that they were not liable for McCarty's injuries occurring after the sale of the property.[1] The trial court agreed and dismissed McCarty's claim. McCarty appeals. We will recite additional facts as we discuss the appellate issue.

## DISCUSSION

We review a trial court's summary judgment ruling de novo. *Weigel v. Grimmett*, 173 Wis. 2d 263, 267, 496 N.W.2d 206, 208 (Ct. App. 1992). Summary judgment methodology is well known and we will not repeat it here. *See Grams v. Boss*, 97 Wis. 2d 332, 338-39, 294 N.W.2d 473, 476-77 (1980).

The general rule is that "a vendor of land is not subject to liability for physical harm caused to his ven-

---

[1] The motion for summary judgment was actually brought by the Covellis' insurer, Sheboygan Falls Mutual Insurance Company.

dee or others while upon the land after the vendee has taken possession by any dangerous condition, whether natural or artificial, which existed at the time that the vendee took possession." RESTATEMENT (SECOND) OF TORTS § 352 (1964); *Bagnowski v. Preway, Inc.*, 138 Wis. 2d 241, 246-47, 405 N.W.2d 746, 749 (Ct. App. 1987).

McCarty acknowledges this rule but argues that it does not apply because the rule requires that the vendee be in possession. McCarty contends that, in this case, the tenant was still in possession at the time of the injury. We conclude, however, that the test is not whether the vendee is actually in possession, but rather whether the vendee has the right of possession. Section 704.05(2), STATS., expressly confers such limited right to a landlord:

> **(2)** POSSESSION OF TENANT AND ACCESS BY LANDLORD. Until the expiration date specified in the lease, or the termination of a periodic tenancy or tenancy at will, and so long as the tenant is not in default, the tenant has the right to exclusive possession of the premises, *except as hereafter provided. The landlord may upon advance notice and at reasonable times inspect the premises, make repairs and show the premises to prospective tenants or purchasers;* and if the tenant is absent from the premises and the landlord reasonably believes that entry is necessary to preserve or protect the premises, the landlord may enter without notice and with such force as appears necessary. [Emphasis added.]

Thus, this statute not only accorded Johnson, as the vendee/landlord, the limited right of possession,

but also accorded such right for the very purpose which underpins McCarty's claim against Johnson—the duty to make repairs. Since Johnson had a qualified right of possession, we reject McCarty's argument that the immunity accorded by the RESTATEMENT to a vendor cannot apply.

McCarty further argues that the exception to the general rule set out at § 353 of the RESTATEMENT salvages his claim in this case. That section provides:

> (1) A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, which involves unreasonable risk to persons on the land, is subject to liability to the vendee and others upon the land . . . for physical harm caused by the condition after the vendee has taken possession, if
> (a) the vendee does not know or have reason to know of the condition or the risk involved, and
> (b) the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk.

RESTATEMENT (SECOND) OF TORTS § 353.

As applied to this case, the key inquiry under this exception is whether the Covellis "[knew] or [had] reason to know of the condition" pursuant to subsection (b) of the rule. However, McCarty cites to no evidence which shows that the Covellis, either directly or inferentially, knew or had reason to know of any defect associated with the porch railing.

In fact, our reading of the summary judgment record reveals just the contrary. Prior to his purchase of the property, Johnson inspected the premises. He observed no defects with respect to the porch, stating

that the porch railing was "nailed firmly into the home, into the wall of the house." After the accident, Johnson inspected the porch railing and stated that "[i]t did not look rotted" and "looked to be in pretty good shape." Mr. Covelli testified that based on his own inspection, the porch only required painting. He also testified that he had never received any complaints about the porch area. From this evidence and the reasonable inferences to be drawn therefrom, we conclude that there is no material factual dispute that the Covellis did not know, or had reason to know, of any defect associated with the porch railing.

McCarty also cites to certain cases which have imposed liability against a vendor after a sale where the vendee did not have reasonable time to make repairs.[2] However, all of these cases present factual scenarios where the vendor either knew or should have known of the defect, thus bringing those cases within the exception to the general rule which immunizes a prior owner. As we have demonstrated, the exception does not apply under the facts in this case.

### CONCLUSION

We conclude that the trial court properly granted summary judgment to the Covellis and their liability insurer. We affirm the order dismissing this portion of McCarty's complaint.

*By the Court.*—Order affirmed.

[2]*See, e.g., Farragher v. City of New York*, 235 N.E.2d 218 (N.Y. 1986); *Anderson v. Cosmopolitan Nat'l Bank*, 270 N.E.2d 254 (Ill. App. Ct. 1971), *rev'd*, 301 N.E.2d 296 (Ill. 1973).