JUSTIN M.P. and Daniel M.P., by their guardian ad litem Archie Simonson, Plaintiffs-Appellants,†

v.

Glenn SOLSRUD, d/b/a Glenn A. Solsrud Enterprises and as Glenn A. Solsrud, Inc., and The Goodyear Tire & Rubber Company, Defendants-Respondents.

Court of Appeals

*No. 94–2293. Submitted on briefs February 6, 1995.—Decided February 28, 1995.*

(Also reported in 530 N.W.2d 59.)

†Petition to review denied.

806

For the plaintiffs-appellants the cause was submitted on the brief of *Archie Simonson*, Madison.

For the defendants-respondents the cause was submitted on the brief of *John Koeppl* of *DeWitt Ross & Stevens, S.C.*, Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Justin and Daniel M.P. appeal a summary judgment dismissing their derivative claim for loss of consortium resulting from a substantial and disabling injury their father suffered as a result of a construction site accident. Justin and Daniel contend that the trial court erred by granting the defendant's motion for summary judgment because it was not feasible for them to join in their father's lawsuit to assert their claim. Because we conclude that Justin and Daniel have failed to show that it was infeasible for them to join in their father's lawsuit, the trial court properly dismissed their claim.

The facts are undisputed. Justin and Daniel M.P. are the minor children of Michael Pahls. On August 5, 1988, Pahls was seriously and permanently injured in a construction accident. Pahls commenced an action against various defendants, arguing that his injuries occurred as a result of their negligence. Pahls was represented in that action by attorney Daniel Rottier of

807

the Habush, Habush & Davis law firm. Habush was also retained by Pamela Denman, Justin and Daniel's mother, to represent the children's interests. Habush subsequently obtained the appointment of attorney Jim Runyon as guardian ad litem for the children, and Denman was appointed as their general guardian.

On September 2, 1988, Denman discharged Habush and retained attorney Richard Heilprin to represent the children. Heilprin, acting on Denman's request, immediately sought the removal of Runyon as the children's guardian ad litem. Because of Heilprin's objections to Runyon's continued representation of the children, Runyon ultimately resigned as guardian ad litem with the court's approval.

At the time Heilprin was retained to represent Justin and Daniel's interests, both he and Denman knew that Pahls' lawsuit had been commenced and that the children possessed a derivative claim for loss of consortium. For unexplained reasons, however, Heilprin did not secure the appointment of another guardian ad litem and failed to pursue the children's claim.

As Pahls' suit progressed over the next four years, certain issues were bifurcated, resulting in two separate jury trials. The first trial commenced on February 24, 1992, and precipitated a settlement of Pahls' claims against the principal defendants. The second trial was held approximately four months later. Two weeks after the verdict was returned, Denman, acting as the children's general guardian, sought to intervene in the case and assert the children's rights. At that time, the children were represented by attorney Archie Simonson.

The trial court denied Denman's motion to intervene, and judgment was entered on Pahls' behalf

without resolution of the children's derivative claim. The children subsequently appealed the trial court's order denying the motion to intervene, and this court affirmed the decision. The children then filed their own claim, contending that they were entitled to damages for loss of consortium. The defendants, however, moved for summary judgment on the grounds that the children were estopped from asserting their claims because they failed to join in their father's lawsuit. The trial court granted the motion and dismissed the children's complaint.

We review a summary judgment de novo, applying the same methodology as the trial court. *See* § 802.08(2), STATS. Because that methodology is familiar, we need not repeat it here. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1991). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

The requirement that a derivative claim be joined with the claim of the injured party is well established. In *Rineck v. Johnson*, 155 Wis. 2d 659, 672 n.1, 456 N.W.2d 336, 342 n.1 (1990), *cert. denied*, 498 U.S. 1068 (1991), our supreme court stated: "[A] child's cause of action for loss of [consortium] must be joined with that of the injured parent, if feasible, and the claimant has the burden to establish that it was infeasible for his or her claim to be joined." If a child's claim for loss of consortium is not joined with that of the injured parent, the claim is barred unless the child establishes that it was impossible, impractical or against the child's best interest to join the parent's claim. *Huggins v. Sea Ins. Co.*, 710 F. Supp. 243, 245 (E.D. Wis. 1989).

Thus, the issue before us is whether it was infeasible for Justin and Daniel to join their father's lawsuit.

The only reason Justin and Daniel advance for failing to join their father's lawsuit is Heilprin's failure to take the necessary steps to assert their claim. However, if attorney inaction were sufficient to render joinder infeasible, the exception would devour the rule. In any case, where an attorney failed to join a child's derivative claim, we would be required to conclude that joinder was infeasible under *Rineck*. Such a result would render the *Rineck* requirement meaningless. Therefore, we conclude that an attorney's failure to join a child's derivative claim with the parent's claim is not, standing alone, a sufficient basis to conclude that joinder was infeasible.

Further, we note that while Heilprin's conduct was certainly egregious, it did not make it infeasible for the children to join their father's claim. During the period of time that their father's claim was being asserted, the children had more than four years in which to intervene. Moreover, the attorneys representing the children's father never objected to having the children's claims joined with the father's lawsuit. Despite this fact, the children failed to take any action to assert their claim. Furthermore, after Heilprin successfully forced Runyon's resignation as the children's guardian ad litem, no steps were taken to appoint a successor guardian ad litem. Because Denman and Heilprin, on the children's behalf, were both fully aware that the children had a derivative claim and their father expressed no objection to having their claims joined in his lawsuit for loss of consortium, we conclude that the children's contention that joinder was infeasible is wholly without merit.

810

Intervention is infeasible if it is impossible, impractical or against the child's best interest to join the parent's claim. *Huggins*, 710 F. Supp. at 245. In this case, Justin and Daniel do not claim, nor does the record disclose, that it was against their best interests to join their father's claim. Further, the record reveals that the children had ample opportunity to join their father's lawsuit during the four-year period that his claim was being asserted. Given these circumstances, it is apparent that joinder was feasible in this case. Therefore, because the children did not join their father's lawsuit, we conclude that their claim for loss of consortium is barred.

Justin and Daniel suggest their father had an affirmative duty to join them in his cause of action and that his failure to join them presents special circumstances that would permit them to prosecute a separate claim for loss of consortium. This assertion was made in the prior appeal to this court and was rejected. Because this issue was resolved in the prior appeal, we will not address it here. *See Brooks v. Bank of Wisconsin Dells*, 161 Wis. 2d 39, 46, 467 N.W.2d 187, 190 (Ct. App. 1991) (a prior proceeding bars a subsequent proceeding where there is an identity of parties and an identity of claims in the two proceedings).

*By the Court.*—Judgment affirmed.