[No. 24303. Department One. March 29, 1933.]

SPOKANE SECURITY FINANCE COMPANY, *Respondent,* v. BESSIE V. BEVAN, *Defendant,* M. E. MACK *et al., Appellants.*[1]

*M. E. Mack,* for appellants.

*G. E. Lovell,* for respondent.

BEALS, C. J.—Bessie V. Bevan, February 11, 1932, verified the complaint in an action brought by herself

[1]Reported in 20 P. (2d) 31.

as plaintiff against Spokane Security Finance Company as defendant. In this action, Mrs. Bevan sought recovery of damages on account of loss of a sale of personal property because of slander of title by the defendant. Judgment was rendered in Mrs. Bevan's favor October 8, 1932, in the sum of four hundred dollars, with interest and costs taxed in the further sum of seventy dollars. October 21 following, Mr. M. E. Mack, Mrs. Bevan's attorney, filed a claim of lien upon the judgment in the sum of $133.35, on account of services rendered in the action pursuant to a written contract of employment.

Spokane Security Finance Company, a corporation, February 22, 1932, verified its complaint against Mrs. Bevan, in which it sought recovery against her in the sum of something over eight hundred dollars upon a cause of action based upon a promissory note, foreclosure of a chattel mortgage given to secure the note being also demanded. This complaint was filed March 1, 1932, and May 11, 1932, judgment was rendered in plaintiff's favor in the sum of seven hundred dollars, attorney's fees and costs.

October 13, 1932, the Finance Co., alleging that it held an unsatisfied judgment against Bessie V. Bevan upon which there was due $628.26, moved to set off against this balance the judgment which had been rendered in Mrs. Bevan's favor in the sum of four hundred and seventy dollars. By order of the superior court entered October 31, 1932, T. D. Bevan and M. E. Mack were allowed to intervene in the action and resist the motion to offset judgments.

By appropriate pleadings, T. D. Bevan alleged that Bessie V. Bevan had, by an instrument in writing dated February 11, 1932, assigned to him all her interest in her cause of action above referred to against the Finance Co., save one-third interest there-

in, which Mrs. Bevan by another instrument in writing, dated February 11, 1932, had assigned to her attorney, M. E. Mack, in consideration of Mr. Mack's agreement to represent Mrs. Bevan in the action. Mr. Mack alleged that the lien which he claimed upon the judgment above referred to was filed pursuant to this contract of employment, and resisted the motion to offset in so far as the same would affect him.

After argument, the trial court entered its order, dated October 31, 1932, offsetting the entire amount of the judgment rendered in favor of Mrs. Bevan against the judgment against her and in favor of the Finance Co., from which order Messrs. M. E. Mack and T. D. Bevan appeal.

It is recited in the bill of exceptions that—

"No evidence of any kind or character was introduced or oral stipulations entered into, the rulings being made exclusively on the motion and the resistance thereto, and the argument of counsel."

Respondent relies upon Rem. Rev. Stat., § 191, which reads as follows:

"Any assignee or assignees of any judgment, bond, specialty, book account, or other chose in action, for the payment of money, by assignment in writing, signed by the person authorized to make the same, may, by virtue of such assignment, sue and maintain an action or actions in his or her name, against the obligor or obligors, debtor or debtors, named in such judgment, bond, specialty, book account, or other chose in action, notwithstanding the assignor may have an interest in the thing assigned: Provided, That any debtor may plead in defense as many defenses, counterclaims and offsets, whether they be such as have heretofore been denominated legal or equitable, or both, if held by him against the original owner, against the debt assigned, save that no counterclaim or offset shall be pleaded against negotiable paper assigned before due, and where the holder thereof has pur-

chased the same in good faith and for value, and is the owner of all interest therein;''

calling particular attention to the provision of the statute that the debtor may plead in defense a counter-claim or offset, if held by him against the original owner, against the debt assigned.

Assuming for the purpose of argument, without deciding, that the section quoted has some bearing upon the situation here presented, we are convinced that the same can not operate to defeat an attorney's lien under the circumstances here shown, and as we are satisfied that, save in so far as the order appealed from denied Mrs. Bevan's attorney any relief under his lien, the same is correct, the section of the statute above quoted need not be further discussed.

■ Appellants argue that respondent, the Finance Co., should not be allowed to offset the judgment rendered in favor of Mrs. Bevan against its larger judgment against her, because Mrs. Bevan's cause of action was based upon slander of title made by the Finance Co., and that a judgment based upon such a cause of action should not be offset. Upon the record before us, we hold that it does not appear that Mrs. Bevan's judgment falls within the class which should not be offset, and that, in ruling that the offset should be allowed, the trial court did not err.

■ As to the general right of offset, it is of course true that no right of set-off as to judgments can come into existence until both judgments have been rendered. 34 C. J., title, Judgments, page 712; which text is also authority for the proposition that, in certain cases, an assignment of a demand made before the entry of judgment thereon may confer upon the assignee an equity superior to that of the party claiming the right to set off a judgment previously recovered against the assignor. The determination of the matter

of the set-off of one judgment against another pertains to a court of equity, and in deciding the matter the chancellor exercises a sound discretion in view of all of the facts in the case. *Gauche v. Milbrath,* 105 Wis. 355, 81 N. W. 487.

Careful examination of the record convinces us that, in so far as the trial court refused to allow the claim of appellant T. D. Bevan as against respondent's motion for a set-off, no error was committed.

■ A different question is, however, presented in connection with the claim of appellant Mack. Rem. Rev. Stat., § 136, grants to an attorney at law

". . . a lien for his compensation, whether specially agreed upon or implied, as hereinafter provided,— . . .

"(4) Upon a judgment to the extent of the value of any services performed by him in the action, or if the services were rendered under a special agreement, for the sum due under such agreement, from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered, which notice must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed, and date of filing notice."

Pursuant to this section, Mr. Mack filed his notice of claim of lien prior to the entry of the order appealed from. From the record before us, it appears that Mr. Mack has rights which are protected by this claim of lien, and we are of the opinion that the trial court erred in failing to recognize such rights. In the case of *Dankwardt v. Kermode,* 68 Colo. 225, 187 Pac. 519, the supreme court of Colorado held that an attorney's lien filed pursuant to a contract between the attorney and his client, by which it was agreed that the attorney should receive a specified percentage of any recovery, should prevail as against an application

to set off judgments; the court being of the opinion that the agreement between the parties operated as an equitable assignment *pro tanto* of the demand sued upon.

The opinion of the supreme court of South Carolina in the case of *Adair v. First National Bank of Clinton,* 139 S. C. 1, 137 S. E. 192, 51 A. L. R. 1269, is to the same effect, and the authorities on the question are discussed in the annotation, 51 A. L. R. 1278. The cases of *Bucki & Son Lumber Co. v. Atlantic Lumber Co.,* 128 Fed. 332, and *Gauche v. Milbrath, supra,* are to the same effect.

We are clearly of the opinion that the rights of appellant Mack under his claim of lien should have been recognized, and that, in so far as the trial court failed to protect the rights of this appellant, error was committed.

The order appealed from is reversed, and the cause remanded with instructions to proceed in accordance with this opinion.

MILLARD, PARKER, MITCHELL, and HOLCOMB, JJ., concur.