[No. 38841-0-I. Division One. August 11, 1997.]

MICHAEL GUSTAFSON, ET AL., *Plaintiffs*, v. THE CITY OF SEATTLE, ET AL., *Defendants*, BRIAN P. RUSSELL, *Appellant*, STEVEN SITCOV, *Respondent*.

300

*Brian P. Russell,* pro se and *Christie & Russell,* for appellant.

*Steven Sitcov,* pro se.

COLEMAN, J. — Husband and wife retained Brian Russell to jointly represent them on their claims arising out of an auto accident. After the other driver counterclaimed against the husband for contributory negligence, Russell advised the wife to hire her own attorney due to the potential conflict of interest. The lower court ruled that Russell had violated the Rules of Professional Conduct by failing to disclose the potential conflict at the outset and not obtaining his clients' written consent. It thus invalidated Russell's claim for attorney's lien for representing the wife. We hold that an attorney must get informed client consent before representing the driver and passenger in an auto collision case, unless it reasonably appears that other parties are solely liable. Because the record fails to establish all the circumstances surrounding the accident,

it is impossible to determine whether a potential conflict was reasonably foreseeable. We therefore reverse and remand for further proceedings.

Michael and Natalie Gustafson, husband and wife, were involved in a car accident in January 1992. The details of the accident are apparent only from brief, conclusory statements in the parties' briefs. While the record is silent, the parties agree that Karla Jo Carlson's car crashed into the Gustafsons' as Michael turned left at an intersection where the traffic signal was not functioning.

Michael and Natalie retained Russell to represent them. They agreed to pay Russell one-third of any settlement. Additionally, the contract provided that Russell would receive $120 per hour plus costs and expenses if his services were terminated before a recovery. In November 1994, when Natalie's injuries had become stable, Russell filed a complaint for personal injury and property damage against both Carlson and the City of Seattle. In December 1994, Carlson answered and counterclaimed that Michael had been comparatively negligent.

Realizing that Carlson's counterclaim created a potential conflict of interest between his clients, Russell advised Natalie to hire her own attorney and possibly sue her husband. Russell claims that he "immediately" advised Natalie of the potential conflict but that she and Michael insisted that he continue representing them both. According to Michael, by contrast, Russell did not disclose the potential conflict until spring 1995. In June 1995, Natalie retained Steven Sitcov to represent her. Russell then filed a notice of attorney's lien for $8,552.78 as quantum meruit for services rendered to Natalie. Natalie never pursued a claim against her husband.

Sitcov scheduled a mediation for November 1995. When Michael called Russell a week before the mediation, Russell said that he had not been informed about it and was not going to be there. Michael attended the mediation to provide Natalie with moral support, but he made no

claims for injuries to himself. The parties settled for approximately $69,000. Sitcov retained $20,958 as a one-third contingent fee.

In May 1996, Sitcov filed a motion to invalidate Russell's attorney lien, claiming that he had violated the following rule:

> A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
> (1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>
> (2) Each client consents in writing after consultation and a full disclosure of the material facts[.]

RPC 1.7(a). The matter was heard on the Superior Court's dispositive motions calendar on the pleadings and attached exhibits. Without entering findings of fact or conclusions of law, the court invalidated Russell's lien claim.

 We must decide whether the lower court erred by ruling that Russell's dual representation of Michael and Natalie violated the RPC. Sitcov argues that Russell is not entitled to compensation because the apportionment of fault statute virtually assured that Carlson would raise a contributory negligence claim causing Natalie and Michael's interests to conflict. Whether an attorney's conduct violates the RPC is a question of law. *Eriks v. Denver*, 118 Wn.2d 451, 457-58, 824 P.2d 1207 (1992). We hold that the passenger and driver have potentially conflicting interests whenever they are involved in a collision and a claim against the driver is reasonably foreseeable. Because Sitcov failed to produce competent evidence of how the accident occurred, we cannot determine whether a reasonable attorney should have foreseen a potential conflict. We must therefore reverse and remand for that determination.

The RPC should be construed broadly to protect the

public from attorney misconduct. *Eriks*, 118 Wn.2d at 459. If a lawyer accepts dual representation and the clients' interests thereafter come into actual conflict, the lawyer must withdraw. *Eriks*, 118 Wn.2d at 459. To protect clients from the hardship and expense of obtaining new counsel in this situation, "[a]n attorney must discuss all potential conflicts of interest of which he or she is aware prior to undertaking the multiple representation." *Eriks*, 118 Wn.2d at 461. The attorney should resolve all doubts against undertaking a dual representation. *Eriks*, 118 Wn.2d at 460.

Russell claims that he was not aware of a potential conflict when he agreed to represent Michael and Natalie. But under RCW 4.22.070(1), fault may be apportioned between contributorily negligent parties. When confronted with an auto collision case, an attorney should thus realize that both drivers might allege each other's negligence. An injured passenger would then need to assert claims against both drivers to ensure a full recovery.

Potential conflicts between a driver and passenger are inherent in most auto collision cases. The fact that a car's occupants are married does not alter the analysis because each spouse's personal injury recovery is separate property. *Brown v. Brown*, 100 Wn.2d 729, 738, 675 P.2d 1207 (1984). But rather than adopting a per se rule, we hold that the attorney's ethical duties turn on the facts of each case. Thus, to represent both the passenger and driver in an auto collision case, an attorney must get each to consent after full disclosure if it reasonably appears that other parties might claim that the driver's negligence contributed to the passenger's injuries. *Accord Gabri v. Niagara County*, 486 N.Y.S.2d 682, 684 (N.Y. Sup. Ct. 1985).

While Russell concedes that there would be a conflict if Michael were at fault in the accident, Sitcov presented no evidence to show that Carlson's contributory negligence claim against Michael was reasonably foreseeable. The record fails to reveal the details of how the accident hap-

pened, other than the attorneys' agreement that the Gustafsons were broadsided while turning at a nonfunctioning traffic signal. We recognize that turning left in front of oncoming traffic at a malfunctioning traffic signal presents a strong case for the other driver to claim contributory negligence. But neither party has produced competent evidence to show exactly how the accident occurred.

■ RCW 60.40.010 creates a lien in favor of attorneys for services rendered. A party seeking to invalidate a statutory lien bears the burden of producing evidence to justify the motion. We hold that Sitcov, in challenging Russell's lien, carried the burden to show that Russell's lien was invalid. Because Sitcov failed to meet his burden of proof, we reverse the order invalidating Russell's lien claim and remand for further proceedings.

■■ If the court determines on remand that Russell should have reasonably foreseen a potential contributory negligence counterclaim, it would have discretion to invalidate Russell's lien. An attorney's breach of ethical duties may result in denial or disgorgement of fees. *Eriks*, 118 Wn.2d at 462; *see also Ross v. Scannell*, 97 Wn.2d 598, 610, 647 P.2d 1004 (1982). It is not relevant whether the client or the attorney terminates the relationship once the ethical violation is committed. On the other hand, should the circumstances of the accident be such that a counterclaim was not reasonably foreseeable, Russell would be entitled to recover in quantum meruit.

We reverse the order invalidating Russell's lien and remand.

BAKER, C.J., and BECKER, J., concur.