IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ROBERT A. LERNER, | No. 81445-1-I |
| Appellant/<br>Cross-Respondent, | (consolidated with 82105-9-I) |
| v. | DIVISION ONE |
| CASCADE DESIGNS, INC., a<br>Washington corporation, | UNPUBLISHED OPINION |
| Respondent/<br>Cross-Appellant, | |
| MATESKY LAW PLLC, | |
| Intervenor/Cross-<br>Respondent/Appellant. | |

SMITH, J. — After Robert Lerner obtained an arbitration award against Cascade Designs, Inc. (CDI), the trial court confirmed the award, consolidated the action with a previous case between the parties, and entered a judgment that offset the awards and placed preconditions on Lerner's injunctive relief. The court also granted Lerner's attorney, Matesky Law, an attorney fee lien on the judgment for the arbitration award, but declined to enforce the lien until Lerner paid CDI the offset judgment from the previous case. Lerner appeals the judgment, and CDI cross-appeals the court's entry of an attorney lien and its denial of attorney fees to CDI. Matesky Law intervenes to address the attorney lien issue.

Because the court failed to enter a judgment confirming the award and thereby frustrated the outcome of the arbitration, we reverse. We also hold that

Citations and pin cites are based on the Westlaw online version of the cited material.

Matesky Law properly established its attorney lien on the judgment, and that this lien should take priority over CDI's offset judgment. Finally, we affirm the trial court's denial of attorney fees to CDI and award Lerner reasonable attorney fees on appeal.

FACTS

In 1996, Robert Lerner sold the patents for certain inventions to CDI under an Asset Purchase Agreement (APA). The APA granted Lerner the "right to review such records of [CDI's] as is reasonably necessary to establish the level of sales" upon which his payments were based, at Lerner's expense. The APA also provided that except for an emergency injunction, any controversy arising from the APA must be submitted to arbitration.

In 2016, Lerner filed a suit in King County Superior Court, alleging that CDI had breached the APA's record review provisions and requesting injunctive relief. CDI moved to stay the proceedings so that the parties could proceed to arbitration, as required under the APA, and the court granted the motion. In 2018, after Lerner failed to initiate arbitration, the court dismissed the case for want of prosecution and granted attorney fees to CDI. Lerner appealed and we affirmed and granted CDI additional attorney fees. Lerner v. Cascade Designs, Inc., No. 78570-2-I, slip op. at 7 (Wash. Ct. App. Aug. 26, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/785702.pdf. In total, CDI was awarded $183,118.99 in attorney fees.

Later, the parties proceeded to arbitration and the arbitration panel entered an award in Lerner's favor. The arbitration award ordered CDI to

produce several types of records for review. It also declared Lerner to be the prevailing party, and awarded him $26,631.25 in costs and $84,535 in reasonable attorney fees.

In February 2020, Lerner returned to Superior Court to confirm the arbitration award. On February 28, 2020, after filing the motion to confirm, Lerner's attorney, Matesky Law, filed a notice of an attorney fee lien. On March 10, the court granted the motion to confirm the award over CDI's objection but did not enter a judgment in conformity with the award. On April 9, the court granted CDI's motion to consolidate the 2016 and 2020 cases. On April 14, the court entered a judgment in the consolidated cases. The judgment deducted Lerner's arbitration costs from the amount he owed CDI under the 2016 action, explaining that the 2016 judgment "that originated as $183,118.99 shall now be $149,418.99 with an attorney's lien against it of $84,535. (The court deducted the $33,700 amount owed but kept in the attorney's fees award due to the Notice of Attorney Lien.)" The judgment further ordered that "Lerner shall be entitled to that document review and production described in the [arbitration award] *upon satisfaction of and compliance with* the [judgment against Lerner] and paying in advance for the . . . document review and production."[1]

The court subsequently denied CDI's petition for attorney fees and costs. Matesky Law filed a motion to enforce its attorney fee lien against the judgment, and the court denied the motion, reasoning that its intent was for "Lerner to first pay CDI's offset judgment, and then for CDI to pay Matesky Law from the

---

[1] Emphasis added.

proceeds of that judgment." Lerner appealed, and CDI cross-appealed. We subsequently permitted Matesky Law to intervene in the appeal to address the attorney lien issue.

ANALYSIS

Lerner contends that the trial court erred by entering a judgment adding preconditions to his ability to exercise his rights under the arbitration award. CDI challenges the validity of Matesky Law's attorney lien, whereas Matesky Law challenges the court's denial of its motion to enforce the lien. Finally, CDI contends that the court erred by denying its motion for attorney fees.[2]

Modification of Arbitration Award

Lerner contends that the court erred by entering a judgment that added preconditions to his ability to exercise his rights under the arbitration award. We agree.

Our courts encourage arbitration as a simpler, faster, and less expensive alternative to litigation. Mainline Rock & Ballast, Inc. v. Barnes, Inc., 8 Wn. App. 2d 594, 608, 439 P.3d 662, review denied, 193 Wn.2d 1033, 447 P.3d 158 (2019). To prevent parties from frustrating this goal by relitigating arbitration

---

[2] Lerner also asks us to revisit the court's original ruling granting CDI attorney fees as the "prevailing party" under RAP 2.5(c), which permits the court to "review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review." However, Lerner does not raise this issue until his reply brief, which precludes review. Boyd v. Davis, 127 Wn.2d 256, 265, 897 P.2d 1239 (1995); Reply Brief of Appellant at 34. Furthermore, Lerner contends the award of attorney fees after a dismissal without prejudice was error under Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 492, 200 P.3d 683 (2009), but Wachovia concerned a voluntary dismissal, not a dismissal for want of prosecution.

awards, we give significant deference to arbitrators. See Boyd v. Davis, 127 Wn.2d 256, 262-63, 897 P.2d 1239 (1995). Under the uniform arbitration act, ch. 7.04A RCW, courts may only modify an arbitration award on one of the narrow statutory grounds listed in RCW 7.04A.240(1)(a)-(c), or vacate the award for the limited reasons in RCW 7.04A.230(1)(a)-(f). Otherwise, on a motion from a party, the court *must* issue an order confirming the award. RCW 7.04A.220; Kenneth W. Brooks Tr. v. Pac. Media LLC, 111 Wn. App. 393, 398-99, 44 P.3d 938 (2002). "The confirming court does not have collateral authority to go behind the face of the award or to determine whether additional award amounts are appropriate." Price v. Farmers Ins. Co. of Wash., 133 Wn.2d 490, 496-97, 946 P.2d 388 (1997). Furthermore, after entering its order confirming the award, "the court *shall* enter a judgment in conformity with the order." RCW 7.04A.250(1) (emphasis added). This requirement imposes "a mere ministerial duty to reduce the award to judgment." Price, 133 Wn.2d at 497.

Here, the court's judgment was not in conformity with its order. The court entered an order confirming the award for arbitrator compensation and administrative fees, attorney fees, and "all injunctive and other relief set forth" in the award. The court was then required to enter a simple judgment reflecting this award. Instead, the court's judgment offset the award against the 2016 judgment and limited Lerner's relief by conditioning his injunctive relief upon his satisfaction of and compliance with the 2016 judgment and paying in advance for the document review. None of these provisions were in the arbitration award or the order confirming the award, so the court failed to perform the "mere ministerial

duty" required by RCW 7.04A.250(1). Price, 133 Wn.2d at 497. While the arbitration award directly ordered CDI to produce certain records for inspection, the court's judgment effectively modified this outcome by adding new preconditions to CDI's responsibility. In doing so, the court frustrated the outcome of the arbitration, and remand is necessary for the court to enter a judgment that simply reflects the arbitration award.

CDI disagrees and contends that the court was merely using its discretion under CR 42 to consolidate the actions and then structure its post-consolidation judgment efficiently. CR 42(a) permits the court to consolidate actions involving common questions of law or fact and to "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." However, CR 42 does not authorize the court to violate the terms of the uniform arbitration act. When a dispute is settled by an arbitrator, even if there are further unresolved disputes that are properly under the court's jurisdiction, the court must still enter a judgment reflecting the result of the arbitration before resolving the remaining disputes. Price, 133 Wn.2d at 501. Thus, while CDI could properly ask the court to offset the judgments against each other, the court must still enter a judgment confirming the arbitration award first. CDI cites cases suggesting that a court may offset an arbitration award against other judgments, but it cites no law establishing that the court need not enter the judgment in

conformation with the award first, let alone that it may impose preconditions on clear injunctive relief awarded by the arbitrator.[3]

The arbitration award directly ordered CDI to produce certain records for inspection. The court exceeded its authority by modifying this award in its post-consolidation judgment. On remand, it must enter a judgment confirming the result of the arbitration, including the fees, costs, and injunctive relief, and other matters as agreed by the parties. Price, 133 Wn.2d at 501. Because the court has discretion to consolidate cases and offset judgments, it may then offset the monetary relief in the 2016 and 2020 judgments. CR 42(a); Eagle Point Condo. Owners Ass'n v. Coy, 102 Wn. App. 697, 701, 9 P.3d 898 (2000). However, because the injunctive relief was in the scope of the arbitrators' jurisdiction, the court may not alter this relief by imposing preconditions on it. Price, 133 Wn.2d at 501-02.

### Attorney Fee Lien

CDI contends that the court erred by recognizing Matesky Law's attorney lien. Matesky Law contends that the court abused its discretion by refusing to

---

[3] See Fluor Enter., Inc. v. Walter Constr., Ltd., 141 Wn. App. 761, 769, 172 P.3d 368 (2007) (holding that in consolidated case, court could delay entry of judgment on one claim until resolution of arbitrated claim, so that the court "could offset the judgments on both claims before allowing enforcement of them."). Furthermore, the court's second requirement, that Lerner pay for record production in advance, is entirely unrelated to the consolidation of the two cases and has no basis in the arbitration award or the APA. And even if the APA did include this requirement, the court would still have erred by going beyond the face of the award to examine evidence underlying the arbitration decision. Broom v. Morgan Stanley DW Inc., 169 Wn.2d 231, 239, 236 P.3d 182 (2010).

enforce the lien until after CDI's judgment is satisfied. We agree with Matesky Law.

1. Validity of Lien

RCW 60.40.010(1) provides that an attorney may assert a lien to recover attorney fees. This may include a lien "[u]pon a judgment to the extent of the value of any services performed by the attorney in the action." RCW 60.40.010(1)(e). The attorney must file notice of this type of lien "with the clerk of the court in which such judgment is entered, which notice must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed and date of filing notice." RCW 60.40.010(1)(e).

The meaning of this statute "is a question of law which we review de novo." Aiken, St. Louis & Siljeg, P.S. v. Linth, 195 Wn. App. 10, 15, 380 P.3d 565 (2016). "A party seeking to invalidate a statutory lien bears the burden of producing evidence to justify the motion." Gustafson v. City of Seattle, 87 Wn. App. 298, 304, 941 P.2d 701 (1997).

Here, after the arbitration panel issued its award but before the court's judgment on the award, Matesky filed a notice of an attorney fee lien, including upon the judgment under RCW 60.40.010(1)(e). It identified the amount of the lien as $84,535, plus interest, which was the value of reasonable attorney fees as determined by the arbitration panel. Because this notice met the statutory requirements, it was sufficient to establish Matesky Law's lien.

8

CDI contends that the notice of the attorney fee lien was insufficient because Matesky Law never produced its contingency fee agreement. We disagree. The amount of the lien was established by the arbitration award. We do not look beyond the face of an award to determine whether the award is valid, and CDI has given no reason to inquire into the arbitration panel's determination of Matesky Law's reasonable attorney fees. Broom v. Morgan Stanley DW Inc., 169 Wn.2d 231, 239, 236 P.3d 182 (2010).

CDI also cites Matesky Law's failure to serve Lerner with notice as a reason that the lien is invalid, but fails to cite any law that service to one's own client is required. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193, 195 (1962). We therefore reject this contention and conclude that Matesky Law has established a valid attorney lien.

2. Enforcement of Lien

"A proceeding to enforce a lien is an equitable proceeding," and courts have broad discretion in determining equitable remedies. King County v. Seawest Inv. Assocs., LLC, 141 Wn. App. 304, 314, 170 P.3d 53 (2007). Accordingly, we review the court's denial of the motion to enforce the lien for abuse of discretion. Seawest, 141 Wn. App. at 314.

Although an attorney lien against a judgment may be filed before the judgment is formally entered, the lien does not attach until the judgment is in place. Jones v. Int'l Land Corp. Ltd., 51 Wn. App. 737, 745, 755 P.2d 184 (1988)

(lien against judgment which was filed on May 5 became effective on May 12, the day the judgment was entered); Cline Piano Co. v. Sherwood, 57 Wash. 239, 242, 106 P. 742 (1910). Once an attorney lien has attached to a judgment, a court may not offset a second judgment against it without regard to the lien. Spokane Sec. Fin. Co. v. Bevan, 172 Wash. 418, 422, 20 P.2d 31 (1933). Instead, the lien must take precedence. Bevan, 172 Wash. at 422-23.

Here, we have determined that the court was required to enter a simple judgment confirming the terms of the arbitration award. Upon entering this judgment, Matesky Law's lien would attach. Although the court could subsequently offset the judgment, the lien would take priority over the offset judgment. Because the court did not follow this procedure, its denial of the motion to enforce the lien was an abuse of discretion.

### Attorney Fees

CDI contends that the court abused its discretion by not awarding fees to CDI as the prevailing party. We disagree and grant reasonable attorney fees to Lerner on appeal.

In an action on a contract with an attorney fee provision, the prevailing party "shall be entitled to reasonable attorneys' fees." RCW 4.84.330. The prevailing party is "the party in whose favor final judgment is rendered." RCW 4.84.330. "If neither party wholly prevails, then the party that substantially prevails on its claims is the prevailing party." Hawkins v. Diel, 166 Wn. App. 1, 10, 269 P.3d 1049 (2011). If the court determines that both parties prevailed on a major issue, it may conclude that neither is a prevailing party entitled to

attorney fees.  Hertz v. Riebe, 86 Wn. App. 102, 105, 936 P.2d 24 (1997).

"Whether a party is a 'prevailing party' is a mixed question of law and fact that we review under an error of law standard."  Hawkins, 166 Wn. App. at 10.

Here, the court did not err by denying CDI's request for attorney fees, because CDI did not substantially prevail on its claims.  CDI's contention that it is the prevailing party relies on the fact that it succeeded in its motion to consolidate the cases and offset Lerner's award against CDI's.  However, the substantial issue in this case was the meaning of the APA and the parties' rights and responsibilities under it, and Lerner prevailed on that issue.  See McLelland v. Paxton, 11 Wn. App. 2d 181, 223, 453 P.3d 1 (2019) ("The fact that the claim of goodwill constitutes the substantial issue" supported the court's determination that the party who won on goodwill was the prevailing party).  Furthermore, to the extent that CDI contends it prevailed because it was awarded the larger monetary judgment, its argument fails.  In a case such as this, where the only money judgments awarded are for costs and attorney fees, relying on the size of the judgments for the determination as to who prevailed would tend to result in rewarding the party who had more money to spend on attorneys.  The court did not err by declining to award attorney fees to CDI.

Finally, Lerner requests attorney fees on appeal under RCW 7.04A.250(3), which permits an award of attorney fees to the prevailing party in a judicial proceeding after confirming an arbitration award.  Because Lerner has prevailed on appeal, we award his reasonable attorney fees.

We reverse and remand for the court to enter a judgment in conformity with the arbitration award and to enforce the attorney fee lien in Matesky Law's favor, and we affirm the denial of CDI's attorney fees.

WE CONCUR: